E. MARTIN ESTRADA
United States Attorney
MACK E. JENKINS
Assistant United States Attorneys
Chief, Criminal Division
IAN V. YANNIELLO (Cal. Bar No. 265481)
GREGORY W. STAPLES (Cal. Bar No. 155505)
DANIEL H. WEINER (Cal. Bar No. 329025)
Assistant United States Attorneys
        1400/1500 United States Courthouse
        312 North Spring Street
        Los Angeles, California 90012
        Telephone: (213) 894-3667/3535/0813
        Facsimile: (213) 894-0142
        E-mail:   ian.yanniello@usdoj.gov
                  gregory.staples@usdoj.gov
                  daniel.weiner@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No. CR 24-621(A)-MWF-1 |
|---|---|
| Plaintiff, | STIPULATION AND JOINT REQUEST FOR A PROTECTIVE ORDER REGARDING DISCOVERY CONTAINING PERSONAL IDENTIFYING INFORMATION, MEDICAL INFORMATION, PRIVACY ACT INFORMATION, AND PROTECTED WITNESS MATERIALS |
| v. | |
| KAVON LONDON GRANT, | |
| Defendant. | PROPOSED ORDER FILED SEPARATELY |

Plaintiff, United States of America, by and through its counsel of record, the United States Attorney for the Central District of California and Assistant United States Attorneys Ian V. Yanniello, Gregory W. Staples, and Daniel H. Weiner, and defendant KAVON LONDON GRANT ("defendant"), by and through his counsel of record Peter C. Swarth (collectively the "parties"), for the reasons set forth below, request that the Court enter the proposed protective order

(the "Protective Order") governing the use and dissemination of (1) personal identifying information ("PII") of real persons pursuant to Federal Rule of Criminal Procedure Rule 16(d)(1), (2) medical or health information, (3) material that may contain information within the scope of the Privacy Act, and (4) information related to protected witnesses who may testify at trial.

Introduction and Grounds for Protective Order

1.  The government represents that based on its understanding of the discovery in this case, a protective order is necessary in this case.  The government incorporates the allegations of the First Superseding Indictment into its representation that the discovery requires a protective order in this case.[1]

2.  Based on the allegations in the First Superseding Indictment and the government's understanding of discovery in this case, the government alleges that there are significant safety concerns regarding disclosure of names and personal identifying information of victims, witnesses, and defendants themselves in this matter.

3.  Discovery in this matter contains the following types of information:

a.  Digital devices searched by warrant or consent.  In many cases, defendants will receive digital data from devices that did not belong to them.  To protect the privacy of the owners of the digital devices, including witnesses, the digital devices or digital

---

[1] Signature by defense counsel on this stipulation does not imply any admission of the truth of any of the allegations in the First Superseding Indictment; defendant does not waive any challenge to any of these allegations in any way by this stipulation.

data should not be provided to defendants other than for review in the presence of a member of the Defense Team.

b.    Autopsy related documents, including medical records and graphic photographs, including of violent crime victims.  The medical information at issue may also be subject to various federal laws protecting the privacy of medical records, including provisions of the Privacy Act, 5 U.S.C. § 552a; provisions of 45 C.F.R. §§ 164.102-164.534; and/or provisions of 42 U.S.C. § 1306.  To protect the privacy interests implicated by these photographs and medical records, these should not be provided to defendants other than for review in the presence of a member of the Defense Team.

c.    Audio/video recordings, written summaries of statements, and transcripts of statements made by witnesses to and victims of violent events including murder.  Such documents and recordings often contain the personal identifying information of protected witnesses, and the unrestricted release of such items would endanger the safety of those individuals.

d.    Audio/video recordings, written summaries of statements, and transcripts of any statements made by defendants to law enforcement.  Such documents and recordings will reveal which, if any, defendants have spoken to law enforcement at any time, and will endanger those defendants' safety.

e.    Surveillance videos of violent events including murder and law enforcement reports about such events.  To protect the legitimate privacy interests of the victims, and prevent the use of such items for intimidation purposes, these should not be provided to defendants other than for review in the presence of a member of the Defense Team.

4.   To ensure that information concerning victims, witnesses, and defendants is not disseminated or used by persons who might wish to intimidate or harm victims, witnesses, or defendants, and also to do so in a manner that ensures defendants' rights to prepare an effective defense, the parties respectfully request entry of a protective order for discovery in this case.

5.   Federal Rule of Criminal Procedure 16(d)(1) provides that "[a]t any time the court may, for good cause, deny, restrict, or defer discovery or inspection, or grant other appropriate relief."

6.   A protective order is appropriate where there is reason to believe that a witness would be subject to physical or economic harm if his identity is revealed.  See Fed. R. Crim. P. 16 advisory committee's notes to 1974 amendments.

7.   In determining whether a protective order is appropriate, courts consider such factors as the safety of witnesses and others and the danger of witness intimidation.  See Fed. R. Crim. P. 16 advisory committee's notes to 1966 amendments.

8.   The government asserts that the record demonstrates good cause to permit the Court to exercise its discretion to restrict discovery and inspection of information concerning victims, witnesses, and defendants in this case, as further described below, and to grant such relief as is necessary to ensure the confidentiality of that information.

9.   A protective order is also necessary because the government intends to produce to the defense materials containing third parties' PII.  The government believes that disclosure of this information without limitation risks the privacy and security of the information's legitimate owners.  Because the government has an

4

ongoing obligation to protect third parties' PII, the government cannot produce to defendants an unredacted set of discovery containing this information without the Court entering the Protective Order.  Moreover, PII makes up a significant part of the discovery in this case and such information itself, in many instances, has evidentiary value.  If the government were to attempt to redact all this information in strict compliance with Federal Rule of Criminal Procedure 49.1, the Central District of California's Local Rules regarding redaction, and the Privacy Policy of the United States Judicial Conference, the defense would receive a set of discovery that would be highly confusing and difficult to understand, and it would be challenging for defense counsel to adequately evaluate the case, provide advice to defendant, or prepare for trial.

10.  An order is also necessary because the government intends to produce to the defense materials that may contain information within the scope of the Privacy Act, 5 U.S.C. § 552a ("Privacy Act Information").  To the extent that these materials contain Privacy Act Information, an order is necessary to authorize disclosure pursuant to 5 U.S.C. § 552a(b)(11).

11.  The purpose of the Protective Order is to (a) allow the government to comply with its discovery obligations while protecting this sensitive information from unauthorized dissemination, and (b) provide the defense with sufficient information to adequately represent defendant.

Definitions

12.  The parties agree to the following definitions:

a.    "Protected Witness Materials" includes any information relating to any protected witness's prior history of assistance with law enforcement, prior criminal history, statements, or any other information that could be used to identify a protected witness, such as a name, image, address, date of birth, or unique personal identification number, such as a Social Security number, driver's license number, account number, or telephone number, or discovery containing statements made by defendants to law enforcement that were audio and/or video recorded, summarized in reports or affidavits, and/or contained in transcripts.

b.    "PII Materials" includes any information that can be used to identify a person, including a name, address, date of birth, Social Security number, driver's license number, telephone number, account number, email address, or personal identification number.

c.    "Medical Materials" includes any individually identifiable health information that is connected to a patient's name, address, or other identifying number, such as a Social Security number.

d.    "Confidential Information" refers to any document or information containing Protected Witness Materials, PII Materials, or Medical Materials that the government produces to the defense pursuant to this Protective Order and any copies thereof.

e.    "Defense Team" includes (1) defendant's counsel of record ("defense counsel"); (2) other attorneys at defense counsel's law firm who may be consulted regarding case strategy in this case; (3) defense investigators who are assisting defense counsel with this case; (4) retained experts or potential experts; and (5) paralegals, legal assistants, and other support staff to defense

counsel who are providing assistance on this case.  The Defense Team does not include defendants, defendant's family members, or any other associates of defendants.

Terms of the Protective Order

13.  The parties jointly request the Court enter the Protective Order, which will permit the government to produce Confidential Information in a manner that preserves the privacy and security of third parties.  The parties agree that the following conditions in the Protective Order will serve these interests:

a.  The government is authorized to provide defense counsel with Confidential Information marked with the following legend: "CONFIDENTIAL INFORMATION -- CONTENTS SUBJECT TO PROTECTIVE ORDER."  The government may put that legend on the digital medium (such as DVD or hard drive) or simply label a digital folder on the digital medium to cover the content of that digital folder.  The government may also redact any PII contained in the production of Confidential Information.

b.  If defendant objects to a designation that material contains Confidential Information, the parties shall meet and confer.  If the parties cannot reach an agreement regarding defendant's objection, defendant may apply to the Court to have the designation removed.

c.  Defendant and the Defense Team agree to use the Confidential Information solely to prepare for any pretrial motions, plea negotiations, trial, and sentencing hearing in this case, as well as any appellate and post-conviction proceedings related to this case.

d.    The Defense Team shall not permit anyone other than the Defense Team to have possession of Confidential Information, including defendant, while outside the presence of the Defense Team.

e.    Notwithstanding the paragraph above, defendant may see and review Protected Witness Materials only in the presence of defense counsel or a designated person (as defined below), and defense counsel shall ensure that defendant is never left alone with any Protected Witness Materials.  At the conclusion of any meeting with defendant at which defendant is permitted to view Protected Witness Materials, defendant must return any Protected Witness Materials to defense counsel, who shall take all such materials with counsel.  Defendant may not take any Protected Witness Materials out of the room in which defendant is meeting with defense counsel.  At no time, under no circumstance, will any Confidential Information be left in the possession, custody, or control of defendant, regardless of defendant's custody status.  If defense counsel wishes to enable defendant to review Protected Witness Materials in the presence of any person on the Defense Team other than defense counsel, defense counsel shall submit a letter to government counsel of record identifying that person (the "designated person"), and shall submit a copy of this stipulation that has been signed by that designated person.  Upon receipt of those materials, if the government, in its sole discretion, finds the designated person acceptable, prior to the designated person reviewing any Protected Witness Materials with defendant, government counsel of record will confirm in writing that defendant is additionally allowed to review Protected Witness Information in the presence of the designated person.

f.    Defendant may review other Confidential Information (i.e., Confidential Information that is not Protected Witness Material) only in the presence of a member of the Defense Team, who shall ensure that defendant is never left alone with such materials. At the conclusion of any meeting with defendant at which defendant is permitted to view such materials, defendant must return such materials to the Defense Team, and the member of the Defense Team present shall take all such materials with him or her.  Defendant may not take any such materials out of the room in which defendant is meeting with the Defense Team.

g.    Defendant may see and review Confidential Information as permitted by this Protective Order, but defendant may not copy, keep, maintain, or otherwise possess any Confidential Information in this case at any time.  Defendant also may not write down or memorialize any data or information contained in the Confidential Information.

h.    The Defense Team may review Confidential Information with a witness or potential witness in this case, including defendant.  Defense counsel must be present whenever any Protected Witness Materials are being shown to a witness or potential witness. A member of the Defense Team must be present if other Confidential Information (i.e., Confidential Information that is not Protected Witness Material) is being shown to a witness or potential witness. Before being shown any portion of Confidential Information, however, any witness or potential witness must be informed of, and agree in writing to be bound by, the requirements of the Protective Order. No member of the Defense Team shall permit a witness or potential witness to retain Confidential Information.

i.   The Defense Team shall maintain Confidential Information safely and securely, and shall exercise reasonable care in ensuring the confidentiality of those materials by (1) not permitting anyone other than members of the Defense Team, defendant, witnesses, and potential witnesses, as restricted above, to see Confidential Information; (2) not divulging to anyone other than members of the Defense Team, defendant, witnesses, and potential witnesses, the contents of Confidential Information; and (3) not permitting Confidential Information to be outside the Defense Team's offices, homes, vehicles, or personal presence.  Protected Witness Materials shall not be left unattended in any vehicle.

j.   To the extent that the Defense Team create notes that contain, in whole or in part, Confidential Information, or to the extent that copies are made for authorized use by members of the Defense Team, such notes, copies, or reproductions become Confidential Information subject to the Protective Order and must be handled in accordance with the terms of the Protective Order.

k.   The Defense Team shall use Confidential Information only for the litigation of this matter and for no other purpose. Litigation of this matter includes any appeal filed by defendant and any motion filed by defendant pursuant to 28 U.S.C. § 2255.  In the event that a party needs to file Confidential Information with the Court or divulge the contents of Confidential Information in court filings, the filing should be made under seal.  If the Court rejects the request to file such information under seal, the party seeking to file such information publicly shall provide advance written notice to the other party to afford such party an opportunity to object or otherwise respond to such intention.  If the other party

does not object to the proposed filing, the party seeking to file such information shall redact any Protected Witness Materials, PII Materials, or Medical Materials, and make all reasonable attempts to limit the divulging of Protected Witness Materials, PII Materials, or Medical Materials.

l.    The parties agree that any Confidential Information inadvertently produced in the course of discovery prior to entry of the Protective Order shall be subject to the terms of the Protective Order.  If Confidential Information was inadvertently produced prior to entry of the Protective Order without being marked "CONFIDENTIAL INFORMATION -- CONTENTS SUBJECT TO PROTECTIVE ORDER," the government shall reproduce the material with the correct designation and notify defense counsel of the error.  The Defense Team shall take immediate steps to destroy the unmarked material, including any copies.

m.    The parties agree that if any Confidential Information contains both Protected Witness Materials and another category of Confidential Information, the information shall be handled in accordance with the Protected Witness Materials provisions of the Protective Order.

n.    Confidential Information shall not be used by the defendant or Defense Team, in any way, in any other matter, absent an order by this Court.  All materials designated subject to the Protective Order maintained in the Defense Team's files shall remain subject to the Protective Order unless and until such order is modified by this Court.  Within 30 days of the conclusion of appellate and post-conviction proceedings, defense counsel shall return Protected Witness Materials to the government or certify that such materials have been destroyed.  Within 30 days of the

conclusion of appellate and post-conviction proceedings, defense counsel shall return all other Confidential Information, certify that such materials have been destroyed, or certify that such materials are being kept pursuant to the California Business and Professions Code and the California Rules of Professional Conduct.

o.    In the event that there is a substitution of counsel prior to when such documents must be returned, new defense counsel must be informed of, and agree in writing to be bound by, the requirements of the Protective Order before the undersigned defense counsel transfers any Confidential Information to the new defense counsel.  New defense counsel's written agreement to be bound by the terms of the Protective Order must be returned to an Assistant U.S. Attorney assigned to the case.  New defense counsel then will become the Defense Team's custodian of materials designated subject to the Protective Order and shall then become responsible, upon the conclusion of appellate and post-conviction proceedings, for (1) returning to the government, certifying the destruction of, or retaining pursuant to the California Business and Professions Code and the California Rules of Professional Conduct all other Confidential Information (i.e., Confidential Material that is not Protected Witness Material); and (2) returning to the government or certifying the destruction of all Protected Witness Materials.

p.    Defense counsel agrees to advise defendant and all members of the Defense Team of their obligations under the Protective Order and ensure their agreement to follow the Protective Order, prior to providing defendant and members of the Defense Team with access to any materials subject to the Protective Order.

q.    Defense Counsel has conferred with defendant regarding this stipulation and the proposed order thereon, and defendant agrees to the terms of the proposed order.

r.    Accordingly, the parties have agreed to request that the Court enter a protective order in the form submitted herewith.

IT IS SO STIPULATED.

DATED: December 3, 2024          E. MARTIN ESTRADA
                                 United States Attorney

                                 MACK E. JENKINS
                                 Assistant United States Attorney
                                 Chief, Criminal Division


                                 /s/
                                 _____
                                 IAN V. YANNIELLO
                                 GREGORY W. STAPLES
                                 DANIEL H. WEINER
                                 Assistant United States Attorney

                                 Attorneys for Plaintiff
                                 UNITED STATES OF AMERICA


DATED: December 3, 2024          /s/ (*via e-mail authorization*)
                                 PETER C. SWARTH
                                 Attorney for Defendant
                                 KAVON LONDON GRANT