E. MARTIN ESTRADA
United States Attorney
MACK E. JENKINS
Assistant United States Attorneys
Chief, Criminal Division
IAN V. YANNIELLO (Cal. Bar No. 265481)
GREGORY W. STAPLES (Cal. Bar No. 155505)
DANIEL H. WEINER (Cal. Bar No. 329025)
Assistant United States Attorneys
    1400/1500 United States Courthouse
    312 North Spring Street
    Los Angeles, California 90012
    Telephone: (213) 894-3667/3535/0813
    Facsimile: (213) 894-0142
    E-mail:   ian.yanniello@usdoj.gov
             gregory.staples@usdoj.gov
             daniel.weiner@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. CR 24-621(A)-MWF-1 |
| Plaintiff, | [PROPOSED] PROTECTIVE ORDER REGARDING DISCOVERY CONTAINING PERSONAL IDENTIFYING INFORMATION, MEDICAL INFORMATION, PRIVACY ACT INFORMATION, AND PROTECTED WITNESS MATERIALS |
| v. | |
| KAVON LONDON GRANT, | |
| Defendant. | |

The Court has read and considered the parties' Stipulation for a Protective Order Regarding Discovery Containing Personal Identifying Information, Medical Information, Privacy Act Information, and Protected Witness Materials, filed by the government and defendant KAVON LONDON GRANT ("defendant") in this matter, which this Court incorporates by reference into this order,

and FOR GOOD CAUSE SHOWN the Court hereby FINDS AND ORDERS as follows:

1. The government's discovery in this case relates to defendants' alleged crimes, that is, violations of 18 U.S.C. § 1958(a): Conspiracy and Use of Interstate Facilities to Commit Murder-For-Hire Resulting in Death; and 18 U.S.C. §§ 924(c)(1)(A)(iii), (c)(1)(B)(ii), (j)(1): Use, Carry, and Discharge of Firearms and Machinegun, and Possession of Such Firearms, in Furtherance of a Crime of Violence, Resulting in Death, as to all defendants; and 18 U.S.C. § 922(o): Possession of a Machinegun, as to defendant KEITH JONES.

2. A protective order for the discovery is necessary so that the government can produce to the defense materials regarding protected witnesses who participated in the government's investigation, who may testify at trial, and/or whose safety may be endangered by disclosure of identifying information. Because these materials could be used to identify the protected witnesses, the Court finds that the unauthorized dissemination or distribution of the materials may expose him/her to potential safety risks and the danger of witness intimidation.

3. A protective order for the discovery is also necessary so that the government can produce to the defense materials containing third parties' PII and medical information. The Court finds that disclosure of this information without limitation risks the privacy and security of the information's legitimate owners. The medical information at issue may also be subject to various federal laws protecting the privacy of medical records, including provisions of the Privacy Act, 5 U.S.C. § 552a; provisions of 45 C.F.R.

2

§§ 164.102-164.534; and/or provisions of 42 U.S.C. § 1306. Because the government has an ongoing obligation to protect third parties' PII and medical information, the government cannot produce to defendant an unredacted set of discovery containing this information without this Court entering the Protective Order. Moreover, PII and medical information makes up a significant part of the discovery in this case and such information itself, in many instances, has evidentiary value. If the government were to attempt to redact all this information in strict compliance with Federal Rule of Criminal Procedure 49.1, the Central District of California's Local Rules regarding redaction, and the Privacy Policy of the United States Judicial Conference, the defense would receive a set of discovery that would be highly confusing and difficult to understand, and it would be challenging for defense counsel to adequately evaluate the case, provide advice to defendant, or prepare for trial.

4.   An order is also necessary because the government intends to produce to the defense materials that may contain information within the scope of the Privacy Act, 5 U.S.C. § 552a ("Privacy Act Information"). The Court finds that, to the extent that these materials contain Privacy Act information, disclosure is authorized pursuant to 5 U.S.C. § 552a(b)(11).

5.   The purpose of this Protective Order is therefore to (a) allow the government to comply with its discovery obligations while protecting this sensitive information from unauthorized dissemination, and (b) provide the defense with sufficient information to adequately represent defendant.

6. Accordingly, the discovery that the government will provide to defense counsel in the above-captioned case will be subject to this Protective Order, as follows:

a. "Protected Witness Materials" includes any information relating to any protected witness's prior history of assistance with law enforcement, prior criminal history, statements, or any other information that could be used to identify a protected witness, such as a name, image, address, date of birth, or unique personal identification number, such as a Social Security number, driver's license number, account number, or telephone number, or discovery containing statements made by defendants to law enforcement that were audio and/or video recorded, summarized in reports or affidavits, and/or contained in transcripts.

b. "PII Materials" includes any information that can be used to identify a person, including a name, address, date of birth, Social Security number, driver's license number, telephone number, account number, email address, or personal identification number.

c. "Medical Materials" includes any individually identifiable health information that is connected to a patient's name, address, or other identifying number, such as a Social Security number.

d. "Confidential Information" refers to any document or information containing Protected Witness Materials, PII Materials, or Medical Materials that the government produces to the defense pursuant to this Protective Order and any copies thereof.

e. "Defense Team" includes (1) defendant's counsel of record ("defense counsel"); (2) other attorneys at defense counsel's law firm who may be consulted regarding case strategy in this case;

4

(3) defense investigators who are assisting defense counsel with this case; (4) retained experts or potential experts; and (5) paralegals, legal assistants, and other support staff to defense counsel who are providing assistance on this case. The Defense Team does not include defendants, defendant's family members, or any other associates of defendants.

      f. The government is authorized to provide defense counsel with Confidential Information marked with the following legend: "CONFIDENTIAL INFORMATION -- CONTENTS SUBJECT TO PROTECTIVE ORDER." The government may put that legend on the digital medium (such as DVD or hard drive) or simply label a digital folder on the digital medium to cover the content of that digital folder. The government may also redact any PII contained in the production of Confidential Information.

      g. If defendant objects to a designation that material contains Confidential Information, the parties shall meet and confer. If the parties cannot reach an agreement regarding defendant's objection, defendant may apply to the Court to have the designation removed.

      h. Defendant and the Defense Team agree to use the Confidential Information solely to prepare for any pretrial motions, plea negotiations, trial, and sentencing hearing in this case, as well as any appellate and post-conviction proceedings related to this case.

      i. The Defense Team shall not permit anyone other than the Defense Team to have possession of Confidential Information, including defendant, while outside the presence of the Defense Team.

j. Notwithstanding the paragraph above, defendant may see and review Protected Witness Materials only in the presence of defense counsel or a designated person (as defined below), and defense counsel shall ensure that defendant is never left alone with any Protected Witness Materials. At the conclusion of any meeting with defendant at which defendant is permitted to view Protected Witness Materials, defendant must return any Protected Witness Materials to defense counsel, who shall take all such materials with counsel. Defendant may not take any Protected Witness Materials out of the room in which defendant is meeting with defense counsel. At no time, under no circumstance, will any Confidential Information be left in the possession, custody, or control of defendant, regardless of defendant's custody status. If defense counsel wishes to enable defendant to review Protected Witness Materials in the presence of any person on the Defense Team other than defense counsel, defense counsel shall submit a letter to government counsel of record identifying that person (the "designated person"), and shall submit a copy of this stipulation that has been signed by that designated person. Upon receipt of those materials, if the government, in its sole discretion, finds the designated person acceptable, prior to the designated person reviewing any Protected Witness Materials with defendant, government counsel of record will confirm in writing that defendant is additionally allowed to review Protected Witness Information in the presence of the designated person.

k. Defendant may review other Confidential Information (*i.e.*, Confidential Information that is not Protected Witness Material) only in the presence of a member of the Defense Team, who shall ensure that defendant is never left alone with such materials.

At the conclusion of any meeting with defendant at which defendant is permitted to view such materials, defendant must return such materials to the Defense Team, and the member of the Defense Team present shall take all such materials with him or her.  Defendant may not take any such materials out of the room in which defendant is meeting with the Defense Team.

l.   Defendant may see and review Confidential Information as permitted by this Protective Order, but defendant may not copy, keep, maintain, or otherwise possess any Confidential Information in this case at any time.  Defendant also may not write down or memorialize any data or information contained in the Confidential Information.

m.   The Defense Team may review Confidential Information with a witness or potential witness in this case, including defendant.  Defense counsel must be present whenever any Protected Witness Materials are being shown to a witness or potential witness.  A member of the Defense Team must be present if other Confidential Information (i.e., Confidential Information that is not Protected Witness Material) is being shown to a witness or potential witness.  Before being shown any portion of Confidential Information, however, any witness or potential witness must be informed of, and agree in writing to be bound by, the requirements of the Protective Order.  No member of the Defense Team shall permit a witness or potential witness to retain Confidential Information.

n.   The Defense Team shall maintain Confidential Information safely and securely, and shall exercise reasonable care in ensuring the confidentiality of those materials by (1) not permitting anyone other than members of the Defense Team, defendant,

1 witnesses, and potential witnesses, as restricted above, to see
2 Confidential Information; (2) not divulging to anyone other than
3 members of the Defense Team, defendant, witnesses, and potential
4 witnesses, the contents of Confidential Information; and (3) not
5 permitting Confidential Information to be outside the Defense Team's
6 offices, homes, vehicles, or personal presence.  Protected Witness
7 Materials shall not be left unattended in any vehicle.
8            o.   To the extent that the Defense Team create notes that
9 contain, in whole or in part, Confidential Information, or to the
10 extent that copies are made for authorized use by members of the
11 Defense Team, such notes, copies, or reproductions become
12 Confidential Information subject to the Protective Order and must be
13 handled in accordance with the terms of the Protective Order.
14            p.   The Defense Team shall use Confidential Information
15 only for the litigation of this matter and for no other purpose.
16 Litigation of this matter includes any appeal filed by defendant and
17 any motion filed by defendant pursuant to 28 U.S.C. § 2255.  In the
18 event that a party needs to file Confidential Information with the
19 Court or divulge the contents of Confidential Information in court
20 filings, the filing should be made under seal.  If the Court rejects
21 the request to file such information under seal, the party seeking
22 to file such information publicly shall provide advance written
23 notice to the other party to afford such party an opportunity to
24 object or otherwise respond to such intention.  If the other party
25 does not object to the proposed filing, the party seeking to file
26 such information shall redact any Protected Witness Materials, PII
27 Materials, or Medical Materials, and make all reasonable attempts to
28

limit the divulging of Protected Witness Materials, PII Materials, or Medical Materials.

q.   Any Confidential Information inadvertently produced in the course of discovery prior to entry of the Protective Order shall be subject to the terms of the Protective Order.  If Confidential Information was inadvertently produced prior to entry of the Protective Order without being marked "CONFIDENTIAL INFORMATION -- CONTENTS SUBJECT TO PROTECTIVE ORDER," the government shall reproduce the material with the correct designation and notify defense counsel of the error.  The Defense Team shall take immediate steps to destroy the unmarked material, including any copies.

r.   If any Confidential Information contains both Protected Witness Materials and another category of Confidential Information, the information shall be handled in accordance with the Protected Witness Materials provisions of the Protective Order.

s.   Confidential Information shall not be used by the defendant or Defense Team, in any way, in any other matter, absent an order by this Court.  All materials designated subject to the Protective Order maintained in the Defense Team's files shall remain subject to the Protective Order unless and until such order is modified by this Court.  Within 30 days of the conclusion of appellate and post-conviction proceedings, defense counsel shall return Protected Witness Materials to the government or certify that such materials have been destroyed.  Within 30 days of the conclusion of appellate and post-conviction proceedings, defense counsel shall return all other Confidential Information, certify that such materials have been destroyed, or certify that such

9

materials are being kept pursuant to the California Business and Professions Code and the California Rules of Professional Conduct.

t. In the event that there is a substitution of counsel prior to when such documents must be returned, new defense counsel must be informed of, and agree in writing to be bound by, the requirements of the Protective Order before the undersigned defense counsel transfers any Confidential Information to the new defense counsel. New defense counsel's written agreement to be bound by the terms of the Protective Order must be returned to an Assistant U.S. Attorney assigned to the case. New defense counsel then will become the Defense Team's custodian of materials designated subject to the Protective Order and shall then become responsible, upon the conclusion of appellate and post-conviction proceedings, for (1) returning to the government, certifying the destruction of, or retaining pursuant to the California Business and Professions Code and the California Rules of Professional Conduct all other Confidential Information (i.e., Confidential Material that is not Protected Witness Material); and (2) returning to the government or certifying the destruction of all Protected Witness Materials.

//
//
//

u. Defense counsel shall advise defendant and all members of the Defense Team of their obligations under the Protective Order and ensure their agreement to follow the Protective Order, prior to providing defendant and members of the Defense Team with access to any materials subject to the Protective Order.

IT IS SO ORDERED.

_____        _____
DATE                                HONORABLE MICHAEL W. FITZGERALD
                                    UNITED STATES DISTRICT JUDGE

Presented by:

*/s/*
_____
IAN V. YANNIELLO
GREGORY W. STAPLES
DANIEL H. WEINER
Assistant United States Attorney

11