BILAL A. ESSAYLI
Acting United States Attorney
JOSEPH T. MCNALLY
Assistant United States Attorney
Acting Chief, Criminal Division
IAN V. YANNIELLO (Cal. Bar No. 265481)
GREGORY W. STAPLES (Cal. Bar No. 155505)
DANIEL H. WEINER (Cal. Bar No. 329025)
Assistant United States Attorneys
     1400/1500 United States Courthouse
     312 North Spring Street
     Los Angeles, California 90012
     Telephone: (213) 894-3667/3535/0813
     Facsimile: (213) 894-0142
     E-mail:    ian.yanniello@usdoj.gov
                greg.staples@usdoj.gov
                daniel.weiner@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

        Plaintiff,

        v.

DURK BANKS, et al.,

        Defendants.

No. CR 24-621(B)-MWF

STIPULATION REGARDING REQUEST FOR (1) CONTINUANCE OF TRIAL DATE AND (2) FINDINGS OF EXCLUDABLE TIME PERIODS PURSUANT TO SPEEDY TRIAL ACT

**CURRENT TRIAL DATE:** 10/14/2025
**PROPOSED TRIAL DATE:** 01/20/2026

Plaintiff United States of America, by and through its counsel of record, the Acting United States Attorney for the Central District of California and Assistant United States Attorneys Ian V. Yanniello, Gregory W. Staples, and Daniel H. Weiner, and defendant DEANDRE DONTRELL WILSON ("defendant WILSON"), both individually and by and through his counsel of record, Craig A. Harbaugh; defendant DAVID BRIAN LINDSEY ("defendant LINDSEY"), both individually and by and

through his counsel of record, Robert A. Jones and Tillet J. Mills; and defendant ASA HOUSTON ("defendant HOUSTON"), both individually and by and through his counsel of record, Shaffy Moeel, ("the Stipulating Defendants"), hereby stipulate as follows:

1. The First Superseding Indictment in this case was filed on November 7, 2024. Defendant DURK BANKS ("Defendant BANKS") first appeared before a judicial officer of the court in which the charges in this case were pending on November 14, 2024. The Speedy Trial Act, 18 U.S.C. § 3161, originally required that the trial commence on or before January 23, 2025. Defendant WILSON first appeared before a judicial officer of the court in which the charges in this case were pending on November 15, 2024. The Speedy Trial Act, 18 U.S.C. § 3161, originally required that the trial commence on or before January 24, 2025. Defendant HOUSTON first appeared before a judicial officer of the court in which the charges in this case were pending on November 21, 2024. The Speedy Trial Act, 18 U.S.C. § 3161, originally required that the trial commence on or before January 30, 2025. Defendant LINDSEY first appeared before a judicial officer of the court in which the charges in this case were pending on November 22, 2024. The Speedy Trial Act, 18 U.S.C. § 3161, originally required that the trial commence on or before January 31, 2025.

2. On November 14, 2024, for defendant BANKS, the Court set a trial date of January 7, 2025. On November 15, 2024, for defendant WILSON, the Court set a trial date of January 7, 2025. On November 21, 2024, for defendant HOUSTON, the Court set a trial date of January 14, 2025. On November 22, 2024, for defendant LINDSEY, the Court set a trial date of January 14, 2025.

3. On January 2, 2025, the Court continued the trial date to October 14, 2025 for all defendants and made relevant excludable time findings under the Speedy Trial Act.

4. The Second Superseding Indictment was filed as to all defendants on May 1, 2025. The trial date remained set for all defendants on October 14, 2025.

5. All defendants are detained pending trial. The government estimates that its case-in-chief will last approximately two to three weeks. All defendants are joined for trial and a severance has not been granted.

6. By this stipulation, the Stipulating Defendants move to continue the trial date to January 20, 2026. Additionally, the parties[1] move to set the following pretrial schedule:

    a. Expert disclosure deadline:
        i. Government disclosure[2]: September 1, 2025
        ii. Defense disclosure: November 1, 2025
    b. Pretrial motions other than motions *in limine* or motions regarding experts:
        i. Motions due: October 6, 2025
        ii. Oppositions due: October 27, 2025
        iii. Optional replies due: November 10, 2025
        iv. Hearing date: November 17, 2025

---

[1] The parties, including counsel for defendant BANKS, met and conferred regarding the proposed briefing schedule and deadlines set forth below.

[2] The government reserves the right to promptly supplement its disclosure and/or notice one or more rebuttal experts based on disclosures made by the defense on November 1, 2025.

3

        c.   Government's disclosures pursuant to Fed. R. Evid. 404(b):[3] November 17, 2025

        d.   Motions *in limine*, including motions regarding experts:

            i.   Motions due: December 8, 2025

            ii.   Oppositions due: December 22, 2025

            iii. Hearing date/pretrial conference: January 7, 2026

7. This is the second request for a continuance.

8. The Stipulating Defendants request the continuance based upon the following facts, which the parties believe demonstrate good cause to support the appropriate findings under the Speedy Trial Act:

        a.   All defendants are charged with violations of 18 U.S.C. § 1958(a): Conspiracy and Use of Interstate Facilities to Commit Murder-For-Hire Resulting in Death; 18 U.S.C. §§ 2261A(2)(A),(B), 2261(b)(1): Stalking Resulting in Death; and 18 U.S.C. §§ 924(c)(1)(A)(iii), (c)(1)(B)(ii), (j)(1): Use, Carry, and Discharge of Firearms and Machinegun, and Possession of Such Firearms, in Furtherance of a Crime of Violence, Resulting in Death. Discovery in this case includes, among other things, hundreds of gigabytes of digital evidence such as audio/video recordings, surveillance footage, and extractions of digital devices; and over 30,000 pages of records and reports concerning murder and other violent acts, photographs, witness statements, and medical documents.

        b.   Due to the nature of the prosecution and the number of defendants, including the charges in the indictment and the voluminous discovery, this case is so unusual and so complex that it

---

[3] The government has also agreed to provide a preliminary disclosure on or before September 1, 2025.

1  is unreasonable to expect adequate preparation for pretrial
2  proceedings or for the trial itself within the Speedy Trial Act time
3  limits.
4        c.   Defense counsel represent that they have various
5  substantive obligations which necessitate the continuance of the
6  trial to January 20, 2026.  The list of obligations for defense
7  counsel is attached hereto as Appendix A and is incorporated as if
8  fully set forth herein.
9        d.   In light of the foregoing, counsel for the Stipulating
10 Defendants also represent that additional time is necessary to confer
11 with defendants, conduct and complete an independent investigation of
12 the case, conduct and complete additional legal research including
13 for potential pre-trial motions, review the discovery and potential
14 evidence in the case, and prepare for trial in the event that a
15 pretrial resolution does not occur.  Defense counsel represent that
16 failure to grant the continuance would deny them reasonable time
17 necessary for effective preparation, taking into account the exercise
18 of due diligence.
19       e.   The Stipulating Defendants believe that failure to
20 grant the continuance will deny them continuity of counsel and
21 adequate representation.
22       f.   The government does not object to the continuance.
23       g.   The requested continuance is not based on congestion
24 of the Court's calendar, lack of diligent preparation on the part of
25 the attorney for the government or the defense, or failure on the
26 part of the attorney for the Government to obtain available
27 witnesses.
28

9.    For purposes of computing the date under the Speedy Trial Act by which defendants' trial must commence, the parties agree that the time period from the date this stipulation is filed to January 20, 2026, inclusive, should be excluded pursuant to 18 U.S.C. §§ 3161(h)(7)(A), (h)(7)(B)(i), (h)(7)(B)(ii) and (h)(7)(B)(iv) because the delay results from a continuance granted by the Court at defendants' request, without government objection, on the basis of the Court's finding that: (i) the ends of justice served by the continuance outweigh the best interest of the public and defendant in a speedy trial; (ii) failure to grant the continuance would be likely to make a continuation of the proceeding impossible, or result in a miscarriage of justice; (iii) the case is so unusual and so complex, due to the nature of the prosecution and the number of defendants that it is unreasonable to expect preparation for pre-trial proceedings or for the trial itself within the time limits established by the Speedy Trial Act; and (iv) failure to grant the continuance would unreasonably deny defendant continuity of counsel and would deny defense counsel the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

10.    Defendant BANKS does not join in the stipulation to continue the trial in this matter. Nonetheless, the stipulating parties agree that, pursuant to 18 U.S.C. § 3161(h)(6), the time period from the date the stipulation is filed to January 20, 2026, inclusive, constitutes a reasonable period of delay for defendant BANKS, who is joined for trial with codefendants as to whom the time for trial has not run and no motion for severance has been granted.

11. Nothing in this stipulation shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods be excluded from the period within which trial must commence. Moreover, the same provisions and/or other provisions of the Speedy Trial Act may in the future authorize the exclusion of additional time periods from the period within which trial must commence.

IT IS SO STIPULATED.

Dated: September 12, 2025             Respectfully submitted,

                                      BILAL A. ESSAYLI
                                      Acting United States Attorney

                                      JOSEPH T. MCNALLY
                                      Assistant United States Attorney
                                      Acting Chief, Criminal Division


                                            /s/
                                      _____
                                      IAN V. YANNIELLO
                                      GREGORY W. STAPLES
                                      DANIEL H. WEINER

                                      Assistant United States Attorneys

                                      Attorneys for Plaintiff
                                      UNITED STATES OF AMERICA

1     I am DEANDRE DONTRELL WILSON's attorney.  I have carefully
2 discussed every part of this stipulation and the continuance of the
3 trial date with my client.  I have fully informed my client of his
4 Speedy Trial rights.  To my knowledge, my client understands those
5 rights and agrees to waive them.  I believe that my client's decision
6 to give up the right to be brought to trial earlier than January 20,
7 2026 is an informed and voluntary one.

_____   08/25/25
CRAIG HARBAUGH                       Date
Attorney for Defendant
DEANDRE DONTRELL WILSON

12    I have read this stipulation and have carefully discussed it
13 with my attorney.  I understand my Speedy Trial rights.  I
14 voluntarily agree to the continuance of the trial date, and give up
15 my right to be brought to trial earlier than January 20, 2026.

_____   08/25/25
DEANDRE DONTRELL WILSON              Date
Defendant

I am DAVID BRIAN LINDSEY's attorney. I have carefully discussed every part of this stipulation and the continuance of the trial date with my client. I have fully informed my client of his Speedy Trial rights. To my knowledge, my client understands those rights and agrees to waive them. I believe that my client's decision to give up the right to be brought to trial earlier than January 20, 2026 is an informed and voluntary one.

_____   09/11/2025
ROBERT A. JONES                   Date
TILLET J. MILLS
Attorney for Defendant
DAVID BRIAN LINDSEY

I have read this stipulation and have carefully discussed it with my attorney. I understand my Speedy Trial rights. I voluntarily agree to the continuance of the trial date, and give up my right to be brought to trial earlier than January 20, 2026.

_____   09-02-2025
DAVID BRIAN LINDSEY               Date
Defendant

1    I am ASA HOUSTON's attorney.  I have carefully discussed every
2  part of this stipulation and the continuance of the trial date with
3  my client.  I have fully informed my client of his Speedy Trial
4  rights.  To my knowledge, my client understands those rights and
5  agrees to waive them.  I believe that my client's decision to give up
6  the right to be brought to trial earlier than January 20, 2026 is an
7  informed and voluntary one.

8  _____          09/08/2025
9  SHAFFY MOEEL                             _____
   Attorney for Defendant                   Date
10 ASA HOUSTON

11

12   I have read this stipulation and have carefully discussed it
13 with my attorney.  I understand my Speedy Trial rights.  I
14 voluntarily agree to the continuance of the trial date, and give up
15 my right to be brought to trial earlier than January 20, 2026.

16 _____          9/06/2025
17 ASA HOUSTON                              _____
   Defendant                                Date

# APPENDIX A

**Counsel for Defendant Lindsey:**

    1. <u>State of Texas v. Williams</u>, Case No. 23-1895-K368; Aggravated Sexual Assault of a Minor; currently set for trial on October 17, 2025;

    2. <u>US v. Seery</u>, Case No. 4:25-CR-146 (S.D. Texas); Murder-for-Hire Conspiracy; currently set for trial on November 17, 2025; and

    3. <u>US v. Contreras</u>, Case No. 4:24-CR-476 (S.D. Texas); Conspiracy with Intent to Distribute Controlled Substance; currently set for trial on December 15, 2025.