BILAL A. ESSAYLI
Acting United States Attorney
ALEXANDER SCHWAB
Assistant United States Attorney
Acting Chief, Criminal Division
IAN V. YANNIELLO (Cal. Bar No. 265481)
GREGORY W. STAPLES (Cal. Bar No. 155505)
DANIEL H. WEINER (Cal. Bar No. 329025)
Assistant United States Attorneys
    1400/1500 United States Courthouse
    312 North Spring Street
    Los Angeles, California 90012
    Telephone: (213) 894-3667/3535/0813
    Facsimile: (213) 894-0142
    E-mail:   ian.yanniello@usdoj.gov
                greg.staples@usdoj.gov
                daniel.weiner@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No. CR 24-621(B)-MWF |
|---|---|
| Plaintiff, | GOVERNMENT'S OPPOSITION TO DEFENDANT BANKS' MOTION FOR EARLY RETURN OF JENCKS ACT MATERIAL |
| v. | |
| DURK BANKS, et al., | Hearing Date: November 18, 2025 |
| Defendants. | Hearing Time: 1:30 p.m.<br>Location:   Courtroom of the Hon. Michael W. Fitzgerald |

Plaintiff United States of America, by and through its counsel of record, the Acting United States Attorney for the Central District of California and Assistant United States Attorneys Ian V. Yanniello, Gregory W. Staples, and Daniel H. Weiner, hereby files its Opposition to Defendant Banks' Motion for Early Return of Jencks Act Material. (Dkt. 241.) The Motion has been joined by defendants Deandre Dontrell Wilson, David Brian Lindsey, and Asa Houston.

This Opposition is based upon the attached memorandum of points and authorities, the files and records in this case, and such further evidence and argument as the Court may permit.

Dated: October 27, 2025        Respectfully submitted,

BILAL A. ESSAYLI
Acting United States Attorney

ALEXANDER B. SCHWAB
Assistant United States Attorney
Acting Chief, Criminal Division

         /s/
IAN V. YANNIELLO
GREGORY W. STAPLES
DANIEL H. WEINER
Assistant United States Attorneys

Attorneys for Plaintiff
UNITED STATES OF AMERICA

2

**I.   THE GOVERNMENT HAS ALREADY PRODUCED A SIGNIFICANT VOLUME OF JENCKS ACT MATERIALS AND WILL CONTINUE TO COMPLY WITH ITS DISCOVERY OBLIGATIONS**

Defendant seeks a Court-imposed deadline of 45 days before trial for the government to produce all Jencks Act material.  (Motion at 1.)  His request should be denied, as the government has already produced a substantial volume of Jencks Act material --- including numerous statements of cooperating witnesses --- and will continue to comply with its discovery obligations in a timely manner to ensure a fair trial for both parties.[1]

Under 18 U.S.C. § 3500 (the Jencks Act) and Rule 26.2, both parties must disclose prior statements by witnesses relating to the subject matter of their testimony *after* the witness has testified.  See United States v. Jones, 612 F.2d 453, 455 (9th Cir. 1979) ("Appellant's reliance on the Jencks Act as a pre-trial discovery tool is completely misplaced.  Subsection (a) of the Act specifically provides that no statement of a government witness is discoverable until the witness has testified on direct examination."); cf. id. (rejecting contention that "trial court's refusal to grant a continuance deprived defense counsel of sufficient time to digest the material received on the morning of trial in violation of his Fifth and Sixth Amendment rights"); United States v. Washabaugh, 442 F.2d 1127, 1129 (9th Cir. 1971) (refusing to find a violation of due

---

[1] The government has requested reciprocal discovery from defendant on numerous occasions, but has not received any materials other than those provided to the Court in connection with defendant's previous detention hearings.  See, e.g., United States v. Scholl, 166 F.3d 964, 972 (9th Cir. 1999) (excluding undisclosed checks at trial where defense made "'a strategic decision to withhold the [evidence]' until the government would be unable to fully investigate."); United States v. Aceves-Rosales, 832 F.2d 1155, 1156-57 (9th Cir. 1987) ("[defense counsel] made a strategic decision to withhold the document until after the close of the government's case. He and his client must accept the risk arising from this behavior.").

process or the right to effective assistance of counsel where the government complied with the Jencks Act and defense counsel had time to read the documents prior to cross-examination).

As defendant acknowledges in the Motion, the government began producing Jencks Act material from anticipated government witnesses in July 2025, including from multiple cooperating co-conspirators. Cf. United States v. Bonilla, 615 F.2d 1262, 1264 (9th Cir. 1980) (finding government may rightfully withhold identity of cooperating witness until ten days before trial).[2]  To date, the government has produced over 250 pages of statements from government witnesses and has already reached an agreement with the defense to produce certain more-sensitive materials (some of which fall under the scope of the Jencks Act, including recorded interviews of cooperating witnesses) pursuant to an Attorney Eyes' Only Protective Order in the coming weeks.  Indeed, defendant acknowledges the government has been producing Jencks Act materials on a rolling basis.  (Motion at 7.)

The government made these early disclosures willingly and without Court-imposed order, as it furthers important interests in ensuring a fair and speedy trial, free from delays and inefficiencies that may be caused by reserving disclosure until the last possible moment.  Accordingly, defendant's assertion that the "government's proposed production of all Jencks Act material one week before trial is inconsistent with due process, fundamental fairness, and efficient trial management" misses the mark.  Rather, a Court-imposed cutoff date for *all* Jencks materials 45 days before trial is an

---

[2] Moreover, the government has exceeded its discovery obligations by making early production of other cooperator discovery, including *Giglio* materials such as criminal histories.

impracticable deadline that would prevent the government from following leads in this case or responding to events that arise as trial approaches.  Indeed, the investigation in this matter continues, as agents continue to review materials seized pursuant to search warrants and follow up on any leads, including interviews with anticipated witnesses (some of which may not yet be known to the government that could occur up to, or even during, trial).  The government will produce any such materials in a timely fashion once they are collected or created, consistent with its discovery obligations.

The government is fully aware of its obligations under <u>Brady</u>, <u>Giglio</u>, and the Jencks Act.  It has complied with those obligations and will continue to do so in a manner that ensures a fair trial.  The government therefore respectfully requests the Court deny defendant's request for deadline of Jencks materials well in advance of trial.

**II.   CONCLUSION**

For the foregoing reasons, defendant's motion for early production of Jencks Act materials and request for a cutoff for production 45 days before trial should be denied.

5