# EXHIBIT D

```
10:17:10   1                    UNITED STATES DISTRICT COURT

           2          CENTRAL DISTRICT OF CALIFORNIA - WESTERN DIVISION

           3          HONORABLE MICHAEL W. FITZGERALD, U.S. DISTRICT JUDGE

           4

           5
                UNITED STATES OF AMERICA,     )
           6                                  )
                           Plaintiff,         )
           7                                  )
                           vs.                )
           8                                  )   2:24-CR-621-MWF
                DEONDRE DONTRELL WILSON,      )
           9    DAVID BRIAN LINDSEY,          )
                ASA HOUSTON,                  )
          10    DURK BANKS,                   )
                                              )
          11               Defendants.        )
                _____)
          12

          13

          14

          15                    REPORTER'S TRANSCRIPT OF HEARING

          16                      Los Angeles, California

          17                     Tuesday, November 18, 2025

          18

          19

          20

          21            _____

          22                 AMY DIAZ, RPR, CRR, FCRR
                             Federal Official Reporter
          23                 350 West 1st Street, #4455
                               Los Angeles, CA 90012
          24

          25
                 Please order court transcripts here:  www.amydiazfedreporter.com
```

AMY C. DIAZ, RPR, CRR OFFICIAL COURT REPORTER

```
10:17:12    1              THE CLERK:  Calling item number one, case number
10:17:16    2    CR-24-621-MWF, United States of America vs. Deondre Dontrell
10:17:23    3    Wilson, David Brian Lindsey, Asa Houston, and Durk Banks.
10:17:29    4              Counsel, please state your appearance for the
10:17:30    5    record.
10:17:32    6              MR. YANNIELLO:  Good morning, Your Honor.  Ian
10:17:33    7    Yanniello, Danny Weiner and Greg Staples on behalf of the
10:17:39    8    United States, and with us at counsel table is FBI Special
10:17:40    9    Agent Jaron Farmdy.
10:17:43   10              MR. FINDLING:  Good morning, Your Honor.  Drew
10:17:44   11    Findling, Marissa Goldberg, Jonathan Brayman, Christy
10:17:47   12    O'Connor on behalf of Mr. Banks, who is present in court
10:17:49   13    today.
10:17:49   14              THE COURT:  All right.  Good morning, Counsel, good
10:17:51   15    morning, Mr. Banks.
10:17:53   16              MR. HARBAUGH:  Good morning, Your Honor.  Craig
10:17:54   17    Harbaugh on behalf of Mr. Wilson, who is present.
10:17:56   18              THE COURT:  Mr. Harbaugh, Mr. Wilson.
10:18:03   19              MS. MOEEL:  Good morning, Your Honor.  Shaffy Moeel
10:18:04   20    on behalf of Mr. Houston, who is present in custody.
10:18:05   21              THE COURT:  All right, Counsel, Mr. Houston.
10:18:05   22              MR. MILLS:  Good morning, Your Honor.  Tillet Mills
10:18:08   23    and Robert Jones on behalf of Mr. Lindsey.
10:18:09   24              THE COURT:  Good morning, Mr. Lindsey, good morning,
10:18:11   25    Counsel.
```

```
10:18:11   1              We are here for a hearing on the pretrial motions
10:18:18   2   which were filed.  After they were filed, a further flurry
10:18:23   3   arose from the filing the motion for recusal, or
10:18:29   4   disqualification and dismissal, and then the ex parte
10:18:34   5   applications related to that.
10:18:37   6              Having received the first motion and the request
10:18:41   7   that certain exhibits be filed under seal, which I granted, I
10:18:48   8   thought it would be useful to discuss a scheduling -- a
10:18:55   9   schedule for that motion.  And because certain things were
10:19:02  10   being filed under seal, perhaps that discussion should be
10:19:06  11   under seal, as well.
10:19:07  12              Since then, the Government filed its initial
10:19:12  13   opposition.  And I think it's correct that there are two
10:19:14  14   issues raised by that motion:  The first, the recusal and its
10:19:19  15   related request to stay, and then the actual relief.
10:19:24  16              The Government did file its opposition to recusal
10:19:28  17   and a stay; and therefore, we can discuss that this morning.
10:19:38  18              And after that, I think we can then turn to the
10:19:42  19   other motions.
10:19:44  20              So the -- I think the Government frankly laid out
10:19:47  21   why -- I just don't understand the request for the recusal,
10:19:52  22   either of me or any other judge on this court.  I just -- I
10:19:58  23   just don't understand what the basis for that would be.  It
10:20:02  24   could be that if someone were ever brought to justice for the
10:20:09  25   threats that were made to the magistrate judge, assuming a
```

| | | |
|---|---|---|
| 1 | 10:20:13 | crime occurred, and assuming there was a prosecution, then |
| 2 | 10:20:16 | perhaps it would be appropriate for not just -- for all |
| 3 | 10:20:20 | judges on this court, not just myself, to recuse themselves |
| 4 | 10:20:24 | in that. |
| 5 | 10:20:25 | But here, regardless of what threats would be made |
| 6 | 10:20:28 | to me or to anybody else, there would be no basis for a |
| 7 | 10:20:31 | recusal, especially here where it's understood that those |
| 8 | 10:20:38 | threats, and one presumes any future threats, would not be at |
| 9 | 10:20:42 | the instigation of these defendants. |
| 10 | 10:20:43 | So again, I know the request has been made, so I |
| 11 | 10:20:48 | want to hear your argument, but I just don't understand what |
| 12 | 10:20:50 | the basis is for any recusals of any Central District judges. |
| 13 | 10:20:57 | So, Counsel, do you want to be heard on that? |
| 14 | 10:21:03 | MR. FINDLING:  Your Honor, I'll start, and then -- |
| 15 | 10:21:07 | Drew Findling on behalf of Mr. Banks -- and then I'll kick it |
| 16 | 10:21:11 | off to cocounsel on this issue. |
| 17 | 10:21:13 | First, let me start by telling Your Honor that the |
| 18 | 10:21:19 | Government's response does adhere to the briefing schedule. |
| 19 | 10:21:23 | So we believe that this needs to be addressed in a -- we |
| 20 | 10:21:26 | appreciate the opportunity to initially address it today. |
| 21 | 10:21:29 | THE COURT:  No.  Well, I think there is two issues. |
| 22 | 10:21:31 | The merits that -- of what you are requesting, that there |
| 23 | 10:21:35 | should be either disqualification of the prosecutors or |
| 24 | 10:21:37 | dismissal, that I think does -- that we'll take up at a |
| 25 | 10:21:42 | future date after the briefing is complete.  There will be an |

1  10:21:46   opposition, you will file a reply, we'll find a time to hear
2  10:21:52   it.  What I'm addressing now is just the request for a
3  10:21:55   recusal and a stay.
4  10:21:57              MR. FINDLING:  Sure.
5  10:21:57              So, Your Honor, let me first talk about the glaring
6  10:22:02   omission in the Government's response that you make notice of
7  10:22:06   is, first of all, there is a little bit of inconsistency,
8  10:22:12   because on the one hand, my colleagues will be arguing at
9  10:22:16   some point about the anonymous jury in which the Government
10 10:22:21   relies on these calls as a reason for that.  So they place
11 10:22:25   great weight on it there, but as you recall from the filing
12 10:22:29   that they just did on this issue, they merely call it a few
13 10:22:34   calls.
14 10:22:34              The calls that they reference, the big issue that we
15 10:22:39   are most concerned about, is entirely left out of the
16 10:22:43   Government's filing.
17 10:22:44              If you will recall, respectfully, Your Honor, if you
18 10:22:49   will recall, one of the exhibits in our motion that we filed
19 10:22:53   on this issue was a letter we received from the Government
20 10:22:57   when we sent them a letter about our concerns about the
21 10:23:02   revelation that there had been threats to Judge Donahue going
22 10:23:08   back to February, to Mr. Yanniello in April, but the central
23 10:23:13   issue was that we were never told.
24 10:23:18              In fact, we don't even know to this day, it may be
25 10:23:21   that Judge Donahue, respectfully, thought we were told and

|  |  |
|---|---|
| 1 10:23:27 | decided to waive the issue and not bring it up.  As our |
| 2 10:23:30 | attachments show, there was communications with Your Honor's |
| 3 10:23:33 | chambers, whether it's Your Honor, or other people in your |
| 4 10:23:36 | chambers, may have thought the Government did what I will |
| 5 10:23:39 | call, as an officer of the court, the right thing, and let us |
| 6 10:23:42 | know.  You may have thought that, or your chambers may have |
| 7 10:23:45 | thought that, Judge Donahue may have thought that.  I would |
| 8 10:23:49 | fathom they did think the Government notified us as counsel |
| 9 10:23:54 | in this case, and we waived the issue. |
| 10 10:23:55 | The central issue that is omitted from the |
| 11 10:23:58 | attachment we gave you, which is the Government's letter to |
| 12 10:24:01 | us, is they literally never reference May of 2025.  They |
| 13 10:24:07 | never reference in that letter that we did a detention |
| 14 10:24:11 | hearing for Mr. Banks in which, amongst other things -- and |
| 15 10:24:18 | it was a hearing that was substantive.  It was a change of |
| 16 10:24:22 | circumstances hearing. |
| 17 10:24:22 | In fact, if you look at Judge Donahue's order in it, |
| 18 10:24:26 | it is a substantive review of everything that took place in |
| 19 10:24:29 | that hearing.  So it wasn't a quick 15-minute hearing. |
| 20 10:24:33 | And what we did not know at the time when we were |
| 21 10:24:36 | saying that Mr. Banks should be released on bail, that he was |
| 22 10:24:43 | not a danger to the community, that he was not a threat to |
| 23 10:24:47 | anybody in the case, witnesses or anything like that, we did |
| 24 10:24:50 | not know, the Government did not let us know as counsel for |
| 25 10:24:56 | Mr. Banks, as honorable members of the bar, that had been |

1  10:25:01   subjected to protective orders, and for attorney eyes only
2  10:25:05   orders, so we have shown, don't conflate us with allegations
3  10:25:08   you are making against people on this table.  We are members
4  10:25:11   of the bar.  You did not bother to let us know that we were
5  10:25:14   going in front of Judge Donahue, who had herself been
6  10:25:18   threatened by a third-party.
7  10:25:20           So to think that we got a fair and impartial hearing
8  10:25:24   at that time is faux.  It is make-believe.  And it is -- it
9  10:25:29   is really, Your Honor, as somebody that has been doing this a
10 10:25:32   long time -- and let me say, actually, loves being a lawyer,
11 10:25:35   and you will never hear me saying anything adverse in the
12 10:25:38   public about the people that represent the United States of
13 10:25:42   America and their job -- but to think so little of us, that
14 10:25:46   you would not let us know that we had a truly a ridiculous
15 10:25:51   hearing.
16 10:25:52           And then for that, to go from there, and to be
17 10:25:56   reviewed by Your Honor.  Your Honor had the position in June
18 10:26:01   when we -- to review not only what we said, but in looking at
19 10:26:06   your order, your order fastidiously studied the order that
20 10:26:11   was issued by Judge Donahue.
21 10:26:14           And so everything at that point was tainted.  And
22 10:26:18   what we didn't know, as our exhibits show, is the extent of
23 10:26:24   this investigation that was done by the lead FBI agent, that
24 10:26:30   a decision was made that the lead FBI agent in the case
25 10:26:34   against Mr. Banks and these codefendants, was the lead

```
1  10:26:38   investigator in these threats.
2  10:26:42           And all that communication is in our exhibits, was
3  10:26:46   shared with Your Honor's chambers.  And the threat to destroy
4  10:26:52   the building, or whatever, we just assume everybody -- I
5  10:26:56   mean, assume -- and I'll let -- cocounsel is going to address
6  10:26:59   this issue, because it was a collaborative effort, the
7  10:27:02   writing, as you would imagine -- but our thought process
8  10:27:07   collectively was that this threat was taken very seriously,
9  10:27:11   because the documents that we have submitted to Your Honor
10 10:27:14   show that the U.S. Marshals Service, shows the FBI, and the
11 10:27:19   Department of Justice didn't look at it, like the most recent
12 10:27:23   filing, a few phone calls; they looked at it as a serious
13 10:27:27   threat.  And we would imagine that that was disseminated.
14 10:27:33   People should know in this courthouse that somebody is making
15 10:27:36   this, what was deemed a viable threat.
16 10:27:39           And so that is the cause of what we consider at this
17 10:27:44   point to have been tainted proceedings.  These have been a
18 10:27:48   direct threat to the constitutional rights of Mr. Banks, his
19 10:27:52   due process rights.
20 10:27:54           I say it again, Your Honor, I'm in total disbelief.
21 10:28:02   Forty years, forty years, and there is not one part of me
22 10:28:05   that can imagine a rationale for letting us walk honestly in
23 10:28:10   front of Judge Donahue and make fools of ourselves.
24 10:28:16           As I said to my cocounsel, talking -- a lot of us
25 10:28:18   have children, when we raise kids, particularly teenagers,
```

```
10:28:21   1    you say there is a point and a counterpoint when you have a
10:28:24   2    debate.  But sometimes I said to my kids, there is no
10:28:28   3    counterpoint.  When I say to be in by 11, don't come back and
10:28:31   4    say you can get in by 11:05.
10:28:34   5              To me, respectfully, there is no counterpoint in
10:28:36   6    this.  There is no rationale, there is no rationale that you
10:28:39   7    let defense counsel, that is trying to protect the
10:28:44   8    constitutional rights of our client, to try to make sure he
10:28:47   9    has a fair and impartial determination as to whether in this
10:28:50  10    critical stage in the proceedings, he should be released, so
10:28:53  11    that he can be free and operate from the outside under the
10:28:57  12    stringent conditions, and that he's not going to be a threat
10:29:00  13    to the community, there is no rationale for not saying, we
10:29:04  14    know that you all have really honored the protective order.
10:29:08  15    We know you all have really protected the attorney's eyes
10:29:12  16    only.  You have shown us, okay, we want you to know -- and
10:29:17  17    maybe they said it a -- we can't let anybody else know, but
10:29:21  18    you should know before you argue, there is no rationale that
10:29:24  19    the Government can come up here and say, as my colleague
10:29:28  20    Mr. Brayman said, who has been a bird dog on case law around
10:29:31  21    the country, he says over and over again, "Find me a case
10:29:36  22    where a judge has told the Government, whether it be a state
10:29:41  23    sovereign or the United States of America, it's okay to keep
10:29:44  24    secrets and make fools of your opposing counsel," because
10:29:47  25    such a case does not exist.
```

```
 1 10:29:49            Because the one thing that we have, and more
 2 10:29:51   importantly, Mr. Banks has, is the Constitution.  And so we
 3 10:29:57   operate under the thought process with this threat to the
 4 10:30:01   courthouse, that this was taken -- and that is why we have
 5 10:30:04   overloaded you with exhibits, and we want -- we deeply want
 6 10:30:07   an evidentiary hearing, because we have talked about it, we
 7 10:30:11   are like, the Court may have just thought that we knew.  The
 8 10:30:16   Court may have thought we knew, and just went ahead and
 9 10:30:21   thought we waived the issue.  We have no doubt that is a
10 10:30:24   major possibility, thought, yeah, the Government would never
11 10:30:29   keep a secret like that, never.  That would never happen.
12 10:30:32   But we didn't know.
13 10:30:33            So that is my thought process.  I know I want to
14 10:30:37   give time to my colleagues who want to address the same issue
15 10:30:41   with the Court's permission.
16 10:30:42            I think I'll pass to Mr. Harbaugh at this time.
17 10:30:47            MR. HARBAUGH:  Your Honor, just very briefly, and I
18 10:30:54   just want to address the objections that were filed.
19 10:30:58            So we appreciate the Court honoring our request to
20 10:31:03   have this public, because we think it is --
21 10:31:05            THE COURT:  I just want to repeat, Mr. Harbaugh,
22 10:31:08   when I suggested that it might be closed, it was solely in
23 10:31:11   regard to scheduling, and if the defense, which had requested
24 10:31:14   that certain exhibits be filed under seal, wish to have a
25 10:31:18   full discussion of those.  It's -- once the Government filed
```

| | | |
|---|---|---|
| 1 | 10:31:21 | its opposition, it was never my intention to have anything |
| 2 | 10:31:25 | other than a public hearing. |
| 3 | 10:31:27 |       MR. HARBAUGH:  Thank you, Your Honor.  My -- our |
| 4 | 10:31:30 | apologies.  It was -- we were just going off the Court's |
| 5 | 10:31:33 | scheduling order.  So I appreciate that. |
| 6 | 10:31:35 |       THE COURT:  Which was filed about 10 minutes after I |
| 7 | 10:31:37 | read your motion.  So it's -- obviously, there is a lot of |
| 8 | 10:31:40 | water under the bridge since then. |
| 9 | 10:31:42 |       So go ahead. |
| 10 | 10:31:43 |       MR. HARBAUGH:  Understood, Your Honor. |
| 11 | 10:31:44 |       So my focus here is really on the -- our request for |
| 12 | 10:31:50 | a stay pending resolution of the recusal with full fact |
| 13 | 10:31:56 | development. |
| 14 | 10:31:57 |       And, Your Honor, at this -- the problem that the |
| 15 | 10:31:59 | defense has, is we don't know what we don't know.  We have |
| 16 | 10:32:03 | very limited discovery that the Government provided to us |
| 17 | 10:32:08 | only with the goal of relying upon that evidence in support |
| 18 | 10:32:15 | of their motion for an anonymous jury. |
| 19 | 10:32:18 |       It was not disclosed to us to inform us as to what |
| 20 | 10:32:23 | is going on behind the scenes, that there are threats to the |
| 21 | 10:32:28 | judiciary in this case.  It wasn't to keep us apprised.  It |
| 22 | 10:32:33 | was solely for the Government's benefit, so they could pursue |
| 23 | 10:32:37 | an anonymous jury.  And, yes, it was maybe a few days before, |
| 24 | 10:32:41 | but it was for the filing.  Clearly, that was the sole |
| 25 | 10:32:45 | intent. |

```
 1  10:32:45          And so, Your Honor, we have some piecemeal
 2  10:32:48  information, and the defense certainly has a reasonable
 3  10:32:52  basis, and at this point we would reserve on whether, and to
 4  10:32:56  the extent which judges knew, but it's a reasonable inference
 5  10:33:00  that the courthouse was informed of this threat of causing
 6  10:33:08  damage to the entire building.
 7  10:33:10          And so, Your Honor, the -- the defense has been at
 8  10:33:19  an incredible disadvantage, which is why we think a
 9  10:33:24  substantive evidentiary hearing should be ordered by the
10  10:33:29  Court, so we can address these issues.
11  10:33:32          And our concern, and I apologize for jumping the
12  10:33:34  gun, is that the Court was going to summarily deny the
13  10:33:39  recusal motion, and then just proceed to the merit -- the
14  10:33:42  substantive pretrial motions that the parties have filed.
15  10:33:45          And, Your Honor, even if the evidence --
16  10:33:49          THE COURT:  Go ahead, Mr. Harbaugh.  Go ahead.
17  10:33:53          MR. HARBAUGH:  Your Honor, even if the Court was not
18  10:33:57  personally aware, the issue is what the public would perceive
19  10:34:02  would be the appearance of bias based upon these looming
20  10:34:07  threats, not by our clients, but in their names, specifically
21  10:34:12  invoking their names.
22  10:34:14          And so, Your Honor, based upon that, we think the
23  10:34:16  most prudent course is to schedule expeditiously a hearing on
24  10:34:23  the recusal, and that the Court defer on the substantive
25  10:34:26  motions today.
```

```
110:34:27              THE COURT:  Thank you.
210:34:29              Do any other defense counsel wish to be heard?
310:34:33              Does the Government wish to be heard?
410:34:36              MR. YANNIELLO:  Briefly, Your Honor.
510:34:37              We understand that the arguments that counsel is
610:34:43   making, Mr. Findling, but that is conflating the issue.  The
710:34:47   issue before Your Honor is whether Your Honor can be
810:34:49   perceived as a biased arbiter of fact here.  Mr. Findling,
910:34:55   his entire argument was based on what occurred before the
1010:34:59  magistrate judge.
1110:35:00             One thing I do agree with both counsel on is that
1210:35:03  the threats here have not been linked to any of the
1310:35:06  defendants in this case.  They were third-party actors.  And
1410:35:10  it would be not only counterintuitive, but it would defy
1510:35:15  binding circuit law if judges could be recused based on
1610:35:19  third-parties or people, even the defendants threatening or
1710:35:24  trying to intimidate the judge.
1810:35:26             There is binding law on this point in *Clemons vs.*
1910:35:29  *United States District Court*, the judge did not recuse, even
2010:35:33  though the underlying litigation was three -- a person who
2110:35:38  threatened three different Central District judges, three
2210:35:42  different judges, and the District Judge still proceeded in
2310:35:46  that case.
2410:35:47             The Government's position is the Court can and
2510:35:49  should categorically reject and summarily deny the request to
```

```
10:35:53   1   recuse.  There is no basis to perceive that this Court can
10:35:56   2   proceed in any fashion other than fair and impartial.
10:36:00   3              THE COURT:  Thank you.
10:36:02   4              MR. FINDLING:  May I respond briefly, Your Honor?
10:36:04   5              THE COURT:  You may.
10:36:05   6              MR. FINDLING:  Thank you.
10:36:05   7              Your Honor, I respectfully disagree with the
10:36:10   8   Government when they say that -- my words are very clear to
10:36:13   9   Your Honor, and I remember very well, I believe Your Honor
10:36:17  10   gave us a lengthy hearing on June 2nd.  We had the grand jury
10:36:22  11   hearing on the transcripts that Ms. O'Connor did, and then
10:36:26  12   the detention hearing was actually a lengthy hearing.
10:36:30  13              You took that under advisement, and then you
10:36:32  14   issued -- you can see your own order -- you gave a very
10:36:36  15   substantive analysis, not only the hearing, but you gave a
10:36:39  16   substantive analysis of the decision that was made by the
10:36:44  17   magistrate in May.
10:36:46  18              And if I remember correctly, in the sheet, it
10:36:51  19   references in your order, it lists like the documents
10:36:54  20   reviewed, or something like that, and I want to say all of
10:36:56  21   them had May dates, if my memory serves me correctly.
10:37:01  22              And so while we see the documents going back and
10:37:06  23   forth to your chambers, we don't know what was communicated
10:37:09  24   to you.  But here is what we do know:  We do know that you
10:37:14  25   were analyzing the May decision by Judge Donahue, who was
```

```
10:37:21   1    well informed of this threat.
10:37:23   2              And so it wasn't just about Judge Donahue, it's that
10:37:29   3    you were in a position -- and again, we say the same thing,
10:37:31   4    we don't know if you or Judge Donahue thought we knew, we
10:37:35   5    have no idea.  And we -- and we concur on the staying the
10:37:39   6    proceedings.  You know, we want to move forward as hard as
10:37:44   7    anybody else, but we feel that, we have fully explained to
10:37:46   8    our client that we have a constitutional responsibility to
10:37:50   9    stay and exhaustively look at this issue.
10:37:53  10              And as Mr. Harbaugh said, it's really clear, it's
10:37:56  11    the appearance, it's the appearance of impropriety, and that
10:37:59  12    is something that the Government didn't talk about, and quite
10:38:02  13    frankly, they can't talk about, because there is no
10:38:06  14    counterpoint, it's indefensible.
10:38:08  15              THE COURT:  Well, that will be addressed later as to
10:38:12  16    what the Government did, and how dire it is.
10:38:16  17              On the matter that is currently before me, the first
10:38:22  18    is should the request for recusal be referred to a different
10:38:26  19    judge?  The rules in this district are very clear, where that
10:38:32  20    it is -- it is consistent with statute that the matter should
10:38:38  21    first be considered by the judge to whom the request is made.
10:38:41  22              And keeping that in mind, the request is denied.
10:38:47  23    There is no basis here for either my recusal, or for that
10:38:52  24    matter, Judge Donahue's recusal.
10:38:56  25              And I disagree that counsel were made fools of.  I
```

```
 1  10:39:02   just don't think that is true.  But that is -- I know that
 2  10:39:04   you sincerely do believe that, and we'll discuss that at the
 3  10:39:08   next hearing.
 4  10:39:09            For now, it simply is not the case, and the
 5  10:39:15   Government is correct about the case law, that actions in
 6  10:39:20   this case can force a judge off the case.  Of course, this is
 7  10:39:26   never going to happen, but even if one of the defendants here
 8  10:39:29   were to stand up and threaten me in open court, I would hold
 9  10:39:33   that person in contempt, but that would not be a basis for me
10  10:39:36   to be recused from the case.
11  10:39:40            Like I said, it's one thing if someone were to be
12  10:39:43   indicted and separately prosecuted for threats, but that is
13  10:39:48   not the situation that we have here.
14  10:39:50            Rather, the situation is, can someone unilaterally
15  10:39:57   force assigned judges off a case by making threats?  And the
16  10:40:01   answer to that question is no.  And it has to be, because
17  10:40:05   otherwise, there would be a -- there would be a reason that
18  10:40:10   people might want to do that.
19  10:40:13            Here, it's especially the case where at no time has
20  10:40:16   anyone thought that the defendants here had any role in this.
21  10:40:21   It was clearly someone who just was agitated and acted out,
22  10:40:28   and did something that should never have been done, but that
23  10:40:31   just has nothing to do with these defendants; and therefore,
24  10:40:36   there is simply no basis for my recusal, Judge Donahue's
25  10:40:42   recusal, or to stay anything.
```

| | | |
|---|---|---|
| 1 | 10:40:45 | The request for recusal is denied, and we will go |
| 2 | 10:40:49 | forward with the current schedule. |
| 3 | 10:40:51 | You know, the Government raised in its opposition |
| 4 | 10:40:54 | the thought that this is, in essence, an attempt to obtain a |
| 5 | 10:41:05 | continuance with counsel knowing the Government would object |
| 6 | 10:41:08 | to that. |
| 7 | 10:41:09 | I do take your views here, and your agitation |
| 8 | 10:41:15 | seriously, and know that they are sincerely held, but the |
| 9 | 10:41:19 | fact is if one of the defendants feels that there needs to be |
| 10 | 10:41:22 | a continuance of this trial, I'm not in favor of that, |
| 11 | 10:41:26 | clearly the Government isn't, probably many of the defendants |
| 12 | 10:41:29 | and counsel are not, as well, then the request should just be |
| 13 | 10:41:32 | made here, and I'll consider it.  Is there -- is it necessary |
| 14 | 10:41:36 | to have a continuance here? |
| 15 | 10:41:39 | But to do that gratuitously when I would either |
| 16 | 10:41:44 | recuse myself, when there is no basis, or even refer it to |
| 17 | 10:41:47 | another judge in this district, when there is no basis, then |
| 18 | 10:41:51 | that just would be inappropriate, when it would likely lead |
| 19 | 10:41:57 | to a continuance, which is something I don't want, I know the |
| 20 | 10:42:04 | Government doesn't want it, because it said so, and it could |
| 21 | 10:42:07 | well be that many of the defendants and counsel don't want |
| 22 | 10:42:09 | it, either.  So all the more reason that the request should |
| 23 | 10:42:14 | be denied. |
| 24 | 10:42:14 | However, the second half of your motion, which is |
| 25 | 10:42:18 | that the Government has done something which is sufficient to |

| | |
|---|---|
| 1 10:42:24 | require some other sort of relief than recusal is something |
| 2 10:42:29 | that we'll take up at the appropriate time. |
| 3 10:42:31 | Let me now turn to the numerous motions which are |
| 4 10:42:38 | here. |
| 5 10:42:44 | The motion in limine, properly brought, as counsel |
| 6 10:42:47 | said, early enough so it can affect how a trial is prepared, |
| 7 10:42:54 | is obviously tied, then, to the motion to sever. |
| 8 10:42:59 | And the purported 404(b) evidence is so voluminous |
| 9 10:43:08 | and so many different sorts that I'm just not prepared to |
| 10 10:43:12 | address that today.  So we'll address that at our next |
| 11 10:43:15 | hearing.  And there likewise, then, is -- we will address the |
| 12 10:43:21 | motion to sever after the dust settles on the 404(b) motion. |
| 13 10:43:28 | What we are left with, then, is the motion to |
| 14 10:43:33 | dismiss for vagueness, or in the alternative, for the bill of |
| 15 10:43:37 | particulars, the motion to dismiss Count 4, the motion for an |
| 16 10:43:47 | early -- to suppress evidence, which might have been mooted |
| 17 10:43:52 | by the Government's concessions in its opposition, I wasn't |
| 18 10:43:57 | clear on that, the motion for an early return of Jencks Act |
| 19 10:44:01 | material, and as was mentioned, the Government's request for |
| 20 10:44:04 | an anonymous jury. |
| 21 10:44:06 | So let's start taking those up. |
| 22 10:44:10 | Let me hear counsel on Mr. Banks's motion, in which |
| 23 10:44:16 | the other defendants join, to dismiss for vagueness or the |
| 24 10:44:19 | bill of particulars. |
| 25 10:44:21 | MS. O'CONNOR:  Thank you, Your Honor. |

AMY C. DIAZ, RPR, CRR OFFICIAL COURT REPORTER