**NOTE: CHANGES MADE BY THE COURT**

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>　　　　v.<br><br>DURK BANKS, et al.,<br><br>　　　　Defendants. | No. CR 24-621(B)-MWF<br><br>ORDER CONTINUING TRIAL DATE AND FINDINGS REGARDING EXCLUDABLE TIME PERIODS PURSUANT TO SPEEDY TRIAL ACT<br><br>**TRIAL:** 4/21/2026, 8:30 a.m.<br><br>**PRETRIAL CONF:** 3/30/2026, 3:00 p.m. |

　　　The Court has read and considered the Stipulation Regarding Request for (1) Continuance of Trial Date and (2) Findings of Excludable Time Periods Pursuant to Speedy Trial Act, filed by the parties in this matter.  The Court hereby finds that the Stipulation, which this Court incorporates by reference into this Order, demonstrates facts that support a continuance of the trial date in this matter, and provides good cause for a finding of excludable time pursuant to the Speedy Trial Act, 18 U.S.C. § 3161.

　　　The Court further finds that: (i) the ends of justice served by the continuance outweigh the best interest of the public and defendant in a speedy trial; (ii) failure to grant the continuance

would be likely to make a continuation of the proceeding impossible, or result in a miscarriage of justice; (iii) the case is so unusual and so complex, due to the nature of the prosecution and the number of defendants that it is unreasonable to expect preparation for pre-trial proceedings or for the trial itself within the time limits established by the Speedy Trial Act; and (iv) failure to grant the continuance would unreasonably deny defendant continuity of counsel and would deny defense counsel the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

THEREFORE, FOR GOOD CAUSE SHOWN:

1. The trial in this matter is continued from January 20, 2026, to **APRIL 21, 2026, at 8:30 a.m**. The Court is aware that Mr. Harbaugh, counsel for Defendant Dontrell Wilson, is scheduled to commence trial before Judge Fernando Aenlle-Rocha on May 6, 2026.

2. The Court sets the following pretrial schedule:

   a. Defendants' reciprocal discovery deadline: March 9, 2026; and

   b. Motions *in limine*, including motions regarding experts:

      i. Motions due: February 23, 2026

      ii. Oppositions due: March 16, 2026

      iii. Optional replies due: March 23, 2026

      **iv.** Hearing date/pretrial conference: **March 30, 2026, at 3:00 p.m.**

3. The time period from the date the stipulation to continue was filed to April 21, 2026, inclusive, is excluded in computing the time within which the trial must commence, pursuant to 18 U.S.C.

2

§§ 3161(h)(7)(A), (h)(7)(B)(i), (h)(7)(B)(ii), (h)(7)(B)(iv), and (h)(6).

4. The court further finds that defendant DURK BANKS ("defendant BANKS") is joined for trial with codefendants as to whom the time for trial has not run and no motion for severance has been granted. Pursuant to 18 U.S.C. § 3161(h)(6), the time period from the date the stipulation to continue was filed to May 4, 2026, inclusive, constitutes a reasonable period of delay for defendant BANKS, who is joined for trial with codefendants as to whom the time for trial has not run and no motion for severance has been granted.

5. Nothing in this Order shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods are excluded from the period within which trial must commence. Moreover, the same provisions and/or other provisions of the Speedy Trial Act may in the future authorize the exclusion of additional time periods from the period within which trial must commence.

IT IS SO ORDERED.

January 13, 2026
DATE

MICHAEL W. FITZGERALD
United States District Judge