BILAL A. ESSAYLI
First Assistant United States Attorney
ALEXANDER SCHWAB
Assistant United States Attorney
Acting Chief, Criminal Division
IAN V. YANNIELLO (Cal. Bar No. 265481)
GREGORY W. STAPLES (Cal. Bar No. 155505)
DANIEL H. WEINER (Cal. Bar No. 329025)
Assistant United States Attorneys
     1400/1500 United States Courthouse
     312 North Spring Street
     Los Angeles, California 90012
     Telephone: (213) 894-3667/3535/0813
     Facsimile: (213) 894-0142
     E-mail:   ian.yanniello@usdoj.gov
               greg.staples@usdoj.gov
               daniel.weiner@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No. CR 24-621(B)-MWF |
|---|---|
| Plaintiff, | GOVERNMENT'S SUPPLEMENTAL MEMORANDUM IN OPPOSITION TO DEFENDANT DURK BANKS' MOTION TO EXCLUDE PROPOSED 404(B) EVIDENCE |
| v. | |
| DURK BANKS, et al., | |
| Defendants. | |

Plaintiff United States of America hereby files this Supplemental Memorandum in Opposition to Defendant Durk Banks' Motion to Exclude Proposed 404(b) Evidence (Dkt. 258).

///

///

This filing is based upon the attached memorandum of points and authorities, the files and records in this case, and such further evidence and argument as the Court may permit.

Dated: February 6, 2026          Respectfully submitted,

BILAL A. ESSAYLI
First Assistant United States Attorney

ALEXANDER B. SCHWAB
Assistant United States Attorney
Acting Chief, Criminal Division

          /s/
IAN V. YANNIELLO
GREGORY W. STAPLES
DANIEL H. WEINER
Assistant United States Attorneys

Attorneys for Plaintiff
UNITED STATES OF AMERICA

**MEMORANDUM OF POINTS AND AUTHORITIES**

The government files this supplement to clarify one point that has been obfuscated by defense filings seeking to exclude core evidence at this murder trial. This is a gang murder case, where multiple OTF-affiliated conspirators traveled across the country to stalk one of defendant Banks' and OTF's rivals, Tyquian Bowman. As alleged in the Second Superseding Indictment ("SSI"), the conspirators flew to Southern California to hunt Bowman, stalked him over a two-day period, and opened fire at a busy gas station, striking and killing S.R.

And while the government has alleged defendant Banks promised a reward to his conspirators if they could catch and kill Bowman, this case is *not* limited to a murder for hire charge. The SSI contains multiple counts, including a charge of stalking resulting in death --- a broad charge that requires the government to prove the conspirators' plan and "course of conduct," culminating in S.R.'s death. See 18 U.S.C § 2261A(2). For all the reasons set forth in the government's prior briefing, the evidence at issue --- including the music admissions outlined in Dkt. 367 --- are relevant and material to prove core issues for the murder for hire scheme *and* the stalking and conspiracy charges. While defendants' filings narrowly focus on whether the disputed benefits the co-conspirators received after S.R.'s murder fall within Section 1958(a)'s quid-pro-quo requirement (they do), such arguments are immaterial to the admissibility analysis for the stalking charge --- which contains *no quid-pro-quo requirement*. Put another way, the nature of the promise to pay matters for the murder-for-hire count; but *any reward received* for S.R.'s murder and the brazen attempts by co-conspirators to kill

3

1 Bowman --- both in Georgia in May 2021 and Los Angeles on August 18,
2 2022 --- is indisputably relevant to the stalking charge.  As
3 previously briefed, the benefits received and other disputed evidence
4 are inextricably intertwined and material to prove, among other
5 things, participation in the murder scheme, the nature of the
6 conspirators' relationship, and the structure of OTF, including
7 defendant Banks' leadership of the criminal OTF subgroup.
8      It is for the jury to decide whether downstream benefits
9 received by murder participants are (1) a reward for the killing and
10 (2) whether they satisfy the quid-pro-quo requirement of Section
11 1958(a).  For example, the government expect a witness will testify
12 that the witness's music opportunities that occurred after S.R.'s
13 killing would not have occurred had the witness failed to participate
14 in the Los Angeles murder.  (See Dkt. 293, Ex. 1 at USAO_35017 [Under
15 Seal].) To the extent that defendants believe such music
16 opportunities or other benefits received by murder participants were
17 a result of Mr. Banks' "generosity" following the murder --- rather
18 than a bargained for exchange --- that will be addressed by the jury
19 instructions and trial arguments.