TODD BLANCHE
Deputy Attorney General
BILAL A. ESSAYLI
First Assistant United States Attorney
ALEXANDER B. SCHWAB
Assistant United States Attorney
Acting Chief, Criminal Division
IAN V. YANNIELLO (Cal. Bar No. 265481)
GREGORY W. STAPLES (Cal. Bar No. 155505)
DANIEL H. WEINER (Cal. Bar No. 329025)
Assistant United States Attorneys
     1400/1500 United States Courthouse
     312 North Spring Street
     Los Angeles, California 90012
     Telephone: (213) 894-3667/3535/0813
     Facsimile: (213) 894-0142
     E-mail:   ian.yanniello@usdoj.gov
               greg.staples@usdoj.gov
               daniel.weiner@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No. CR 24-621(B)-MWF |
|---|---|
| Plaintiff, | STIPULATION REGARDING REQUEST FOR (1) CONTINUANCE OF TRIAL DATE AND (2) FINDINGS OF EXCLUDABLE TIME PERIODS PURSUANT TO SPEEDY TRIAL ACT |
| v. | |
| DURK BANKS, et al., | |
| Defendants. | |
| | **CURRENT TRIAL DATE:**   04/21/2026 |
| | **PROPOSED TRIAL DATE:**  08/20/2026 |

Plaintiff United States of America, and defendant DEANDRE DONTRELL WILSON ("defendant WILSON"), both individually and by and through his counsel of record, Craig A. Harbaugh; defendant DAVID BRIAN LINDSEY ("defendant LINDSEY"), both individually and by and through his counsel of record, Robert A. Jones and Tillet J. Mills; and defendant ASA HOUSTON ("defendant HOUSTON"), both individually

and by and through his counsel of record, Shaffy Moeel, ("the Stipulating Defendants"), hereby stipulate as follows:

1. The First Superseding Indictment in this case was filed on November 7, 2024. Defendant DURK BANKS ("defendant BANKS") first appeared before a judicial officer of the court in which the charges in this case were pending on November 14, 2024. The Speedy Trial Act, 18 U.S.C. § 3161, originally required that the trial commence on or before January 23, 2025. Defendant WILSON first appeared before a judicial officer of the court in which the charges in this case were pending on November 15, 2024. The Speedy Trial Act, 18 U.S.C. § 3161, originally required that the trial commence on or before January 24, 2025. Defendant HOUSTON first appeared before a judicial officer of the court in which the charges in this case were pending on November 21, 2024. The Speedy Trial Act, 18 U.S.C. § 3161, originally required that the trial commence on or before January 30, 2025. Defendant LINDSEY first appeared before a judicial officer of the court in which the charges in this case were pending on November 22, 2024. The Speedy Trial Act, 18 U.S.C. § 3161, originally required that the trial commence on or before January 31, 2025.

2. On November 14, 2024, for defendant BANKS, the Court set a trial date of January 7, 2025. On November 15, 2024, for defendant WILSON, the Court set a trial date of January 7, 2025. On November 21, 2024, for defendant HOUSTON, the Court set a trial date of January 14, 2025. On November 22, 2024, for defendant LINDSEY, the Court set a trial date of January 14, 2025.

3. On January 2, 2025, the Court continued the trial date to October 14, 2025 for all defendants and made relevant excludable time findings under the Speedy Trial Act.

4.    The Second Superseding Indictment was filed as to all defendants on May 1, 2025.  On September 17, 2025, the Court continued the trial date to January 20, 2026 and made relevant excludable time findings under the Speedy Trial Act.  On January 13, 2026, the Court continued the trial date to April 21, 2026 and made relevant excludable time findings under the Speedy Trial Act.

5.    All defendants are detained pending trial.  The government estimates that its case-in-chief will last approximately two to three weeks.  All defendants are joined for trial and a severance has not been granted.

6.    By this stipulation, the Stipulating Defendants move to continue the trial date to August 20, 2026.  Additionally, the parties[1] move to set the following pretrial schedule:

    a.    Defendants' reciprocal discovery deadline: July 30, 2026

    b.    Motions *in limine*, including motions regarding experts:

        i.    Motions due: June 29, 2026

        ii.   Oppositions due: July 13, 2026

        iii.  Optional replies due: July 20, 2026

        iv.   Hearing date/pretrial conference: July 28, 2026

7.    This is the fourth request for a continuance.

8.    The Stipulating Defendants request the continuance based upon the following facts, which the parties believe demonstrate good cause to support the appropriate findings under the Speedy Trial Act:

---

[1] The parties, including counsel for defendant BANKS, met and conferred regarding the proposed briefing schedule and deadlines set forth below.

a.    All defendants are charged with violations of 18 U.S.C. § 1958(a): Conspiracy and Use of Interstate Facilities to Commit Murder-For-Hire Resulting in Death; 18 U.S.C. §§ 2261A(2)(A),(B), 2261(b)(1): Stalking Resulting in Death; and 18 U.S.C. §§ 924(c)(1)(A)(iii), (c)(1)(B)(ii), (j)(1): Use, Carry, and Discharge of Firearms and Machinegun, and Possession of Such Firearms, in Furtherance of a Crime of Violence, Resulting in Death. Discovery in this case includes, among other things, hundreds of gigabytes of digital evidence such as audio/video recordings, surveillance footage, and extractions of digital devices; and over 30,000 pages of records and reports concerning murder and other violent acts, photographs, witness statements, and medical documents.

b.    Beginning on April 18, 2025, defendants in this case have filed multiple motions, some of which remain pending before the Court.  Specifically, on April 18, 2025, defendant Banks filed a motion to dismiss the First Superseding Indictment and requesting grand jury materials (Dkt. 135).  On June 2, 2025, the Court denied the motion to dismiss.  On October 6, 2025, defendant Houston filed a motion to dismiss Count Four of the Second Superseding Indictment, in which defendants Banks, Wilson, and Lindsey joined (Dkt. 226).  As of the date of this filing, that motion remains pending before the Court.  On October 6, 2025, defendant Banks filed a motion to exclude proposed 404(b) evidence, in which defendants Wilson, Houston, and Lindsey joined (Dkt. 258).  On February 13, 2026, the Court granted in part and denied in part the motion and has yet to rule on portions of the motion pending additional information.  On October 6, 2025, defendant Wilson filed a motion to sever, in which defendants Houston and Lindsey joined (Dkt. 230).  On February 26, 2026, the Court

4

denied the motion.  Accordingly, the time period from at least October 6, 2025 to the date of this filing, is excludable as to defendants Banks, Wilson, Houston, and Lindsey, pursuant to 18 U.S.C. § 3161(h)(1)(D).[2]

  c. Due to the nature of the prosecution and the number of defendants, including the charges in the indictment and the voluminous discovery, this case is so unusual and so complex that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the Speedy Trial Act time limits.

  d. Defense counsel represent that they have various substantive obligations which necessitate the continuance of the trial to August 20, 2026.  The list of obligations for defense counsel is attached hereto as Appendix A and is incorporated as if fully set forth herein.

---

[2] Defendants filed multiple additional motions during this timeframe.  Specifically, in October 6, 2025, defendant Banks filed a motion to dismiss the Second Superseding Indictment for Vagueness or for a Bill of Particulars, in which defendants Wilson, Houston, and Lindsey joined (Dkt. 227).  The Court denied the motion to dismiss on November 18, 2025, and the motion for a Bill of Particulars on February 26, 2026.  On October 6, 2025, defendant Banks filed a motion to dismiss the case and disqualify the United States Attorney, in which defendants Wilson, Houston, and Lindsey joined (Dkt. 228).  On December 16, 2025, Judge Michael Seabright denied the motion.  On October 6, 2025, defendant Banks filed a motion for an early return of Jencks materials, in which defendants Wilson, Houston, and Lindsey joined (Dkt. 241).  On November 18, 2025, the Court denied the motion.  On October 6, 2025, defendant Banks filed a motion to suppress evidence (Dkt. 259).  On November 18, 2025, the Court denied the motion as moot.  On November 13, 2025, defendant Banks filed a motion to disqualify this Court and all other judges in the Central District of California, and the U.S. Attorney's Office for the Central District of California, in which defendant Wilson, Houston, and Lindsey joined (Dkt. 290).  On January 7, 2026, the Court denied the motion.

e.   In light of the foregoing, counsel for the Stipulating Defendants also represent that additional time is necessary to confer with defendants, conduct and complete an independent investigation of the case, conduct and complete additional legal research including for potential pre-trial motions, review the discovery and potential evidence in the case, and prepare for trial in the event that a pretrial resolution does not occur.  Defense counsel represent that failure to grant the continuance would deny them reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

f.   The Stipulating Defendants believe that failure to grant the continuance will deny them continuity of counsel and adequate representation.

g.   The government does not object to the continuance.

h.   The requested continuance is not based on congestion of the Court's calendar, lack of diligent preparation on the part of the attorney for the government or the defense, or failure on the part of the attorney for the Government to obtain available witnesses.

9.   For purposes of computing the date under the Speedy Trial Act by which defendants' trial must commence, the parties agree that the time period from the date this stipulation is filed to August 20, 2026, inclusive, should be excluded pursuant to 18 U.S.C. §§ 3161(h)(7)(A), (h)(7)(B)(i), (h)(7)(B)(ii) and (h)(7)(B)(iv) because the delay results from a continuance granted by the Court at defendants' request, without government objection, on the basis of the Court's finding that: (i) the ends of justice served by the continuance outweigh the best interest of the public and defendant in

a speedy trial; (ii) failure to grant the continuance would be likely to make a continuation of the proceeding impossible, or result in a miscarriage of justice; (iii) the case is so unusual and so complex, due to the nature of the prosecution and the number of defendants that it is unreasonable to expect preparation for pre-trial proceedings or for the trial itself within the time limits established by the Speedy Trial Act; and (iv) failure to grant the continuance would unreasonably deny defendant continuity of counsel and would deny defense counsel the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

10.   Defendant BANKS does not join in the stipulation to continue the trial in this matter.  Nonetheless, the stipulating parties agree that, pursuant to 18 U.S.C. § 3161(h)(6), the time period from the date the stipulation is filed to August 20, 2026, inclusive, constitutes a reasonable period of delay for defendant BANKS, who is joined for trial with codefendants as to whom the time for trial has not run and no motion for severance has been granted.

///

///

11.    Nothing in this stipulation shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods be excluded from the period within which trial must commence. Moreover, the same provisions and/or other provisions of the Speedy Trial Act may in the future authorize the exclusion of additional time periods from the period within which trial must commence.

IT IS SO STIPULATED.

Dated: March 20, 2026              Respectfully submitted,

                                   TODD BLANCHE
                                   Deputy Attorney General

                                   BILAL A. ESSAYLI
                                   First Assistant United States
                                   Attorney

                                   ALEXANDER B. SCHWAB
                                   Assistant United States Attorney
                                   Acting Chief, Criminal Division


                                   _____/s/_____
                                   IAN V. YANNIELLO
                                   GREGORY W. STAPLES
                                   DANIEL H. WEINER

                                   Assistant United States Attorneys

                                   Attorneys for Plaintiff
                                   UNITED STATES OF AMERICA

8

I am DEANDRE DONTRELL WILSON's attorney.  I have carefully discussed every part of this stipulation and the continuance of the trial date with my client.  I have fully informed my client of his Speedy Trial rights.  To my knowledge, my client understands those rights and agrees to waive them.  I believe that my client's decision to give up the right to be brought to trial earlier than August 20, 2026 is an informed and voluntary one.

*/s/ via e-mail authorization*        3/20/26

_____        _____
CRAIG HARBAUGH                            Date
Attorney for Defendant
DEANDRE DONTRELL WILSON


I have read this stipulation and have carefully discussed it with my attorney.  I understand my Speedy Trial rights.  I voluntarily agree to the continuance of the trial date, and give up my right to be brought to trial earlier than August 20, 2026.


_____        _____
DEANDRE DONTRELL WILSON                   Date
Defendant

9

I am DAVID BRIAN LINDSEY's attorney.  I have carefully discussed every part of this stipulation and the continuance of the trial date with my client.  I have fully informed my client of his Speedy Trial rights.  To my knowledge, my client understands those rights and agrees to waive them.  I believe that my client's decision to give up the right to be brought to trial earlier than August 20, 2026 is an informed and voluntary one.

*/s/ via e-mail authorization*          3/20/26

_____          _____
ROBERT A. JONES                             Date
TILLET J. MILLS
Attorney for Defendant
DAVID BRIAN LINDSEY


I have read this stipulation and have carefully discussed it with my attorney.  I understand my Speedy Trial rights.  I voluntarily agree to the continuance of the trial date, and give up my right to be brought to trial earlier than August 20, 2026.


_____          _____
DAVID BRIAN LINDSEY                          Date
Defendant

10

I am ASA HOUSTON's attorney.  I have carefully discussed every part of this stipulation and the continuance of the trial date with my client.  I have fully informed my client of his Speedy Trial rights.  To my knowledge, my client understands those rights and agrees to waive them.  I believe that my client's decision to give up the right to be brought to trial earlier than August 20, 2026 is an informed and voluntary one.

*/s/ via e-mail authorization*          3/20/26

_____          _____
SHAFFY MOEEL                              Date
Attorney for Defendant
ASA HOUSTON

I have read this stipulation and have carefully discussed it with my attorney.  I understand my Speedy Trial rights.  I voluntarily agree to the continuance of the trial date, and give up my right to be brought to trial earlier than August 20, 2026.

_____          _____
ASA HOUSTON                               Date
Defendant

11