TODD BLANCHE
Deputy Attorney General
BILAL A. ESSAYLI
First Assistant United States Attorney
ALEXANDER B. SCHWAB
Assistant United States Attorney
Acting Chief, Criminal Division
IAN V. YANNIELLO (Cal. Bar No. 265481)
GREGORY W. STAPLES (Cal. Bar No. 155505)
DANIEL H. WEINER (Cal. Bar No. 329025)
Assistant United States Attorneys
        1400/1500 United States Courthouse
        312 North Spring Street
        Los Angeles, California 90012
        Telephone: (213) 894-3667/3535/0813
        Facsimile: (213) 894-0142
        E-mail:    ian.yanniello@usdoj.gov
                   greg.staples@usdoj.gov
                   daniel.weiner@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA,<br><br>              Plaintiff,<br><br>                   v.<br><br>DURK BANKS, et al.,<br><br>              Defendants. | No. CR 24-621(B)-MWF<br><br>ORDER CONTINUING TRIAL DATE AND FINDINGS REGARDING EXCLUDABLE TIME PERIODS PURSUANT TO SPEEDY TRIAL ACT<br><br>**TRIAL DATE:** 08/20/2026, 8:30am<br><br>**PRETRIAL CONF:** 07/27/2026, 1:30pm |

The Court has read and considered the Stipulation Regarding Request for (1) Continuance of Trial Date and (2) Findings of Excludable Time Periods Pursuant to Speedy Trial Act, filed by the parties in this matter, as well as the colloquy between the Court and defense counsel regarding a continuance of the trial date during the February 23, 2026 pretrial hearing.  The Court hereby finds that the Stipulation and its colloquies with defense counsel, which this Court incorporates by reference into this Order, demonstrates facts that

support a continuance of the trial date in this matter, and provides good cause for a finding of excludable time pursuant to the Speedy Trial Act, 18 U.S.C. § 3161.

The Court further finds that: (i) the ends of justice served by the continuance outweigh the best interest of the public and defendant in a speedy trial; (ii) failure to grant the continuance would be likely to make a continuation of the proceeding impossible, or result in a miscarriage of justice; (iii) the case is so unusual and so complex, due to the nature of the prosecution including the conspiracy charges against all defendants, the volume of discovery, and the number of defendants that it is unreasonable to expect preparation for pre-trial proceedings or for the trial itself within the time limits established by the Speedy Trial Act; and (iv) failure to grant the continuance would unreasonably deny defendant continuity of counsel and would deny defense counsel the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

THEREFORE, FOR GOOD CAUSE SHOWN:

1.    The trial in this matter is continued from April 21, 2026, to August 20, 2026, at 8:30 a.m.  The Court sets the following pretrial schedule:

    a.    Defendants' reciprocal discovery deadline: July 30, 2026; and

    b.    Motions *in limine*, including motions regarding experts:

        i.    Motions due: June 29, 2026

        ii.   Oppositions due: July 13, 2026

        iii.  Optional replies due: July 20, 2026

c.    Hearing date/pretrial conference: July 27, 2026, at 1:30 p.m.

2.    The time period from the date the stipulation to continue was filed to August 20, 2026, inclusive, is excluded in computing the time within which the trial must commence, pursuant to 18 U.S.C. §§ 3161(h)(7)(A), (h)(7)(B)(i), (h)(7)(B)(ii), (h)(7)(B)(iv), and (h)(6).  The Court additionally finds that the time period from at least October 6, 2025, to the date of this order is excludable as to defendants Banks, Wilson, Houston, and Lindsey, pursuant to 18 U.S.C. § 3161(h)(1)(D) due to the delay resulting from pretrial motions, as set forth in Paragraph 8(b) of the parties' stipulation.

3.    The court further finds that defendant DURK BANKS ("defendant BANKS") is joined for trial with codefendants as to whom the time for trial has not run and no motion for severance has been granted.  Pursuant to 18 U.S.C. § 3161(h)(6), the time period from the date the stipulation to continue was filed to August 20, 2026, inclusive, constitutes a reasonable period of delay for defendant BANKS, who is joined for trial with codefendants as to whom the time for trial has not run and no motion for severance has been granted.

///

///

3

4.    Nothing in this Order shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods are excluded from the period within which trial must commence.  Moreover, the same provisions and/or other provisions of the Speedy Trial Act may in the future authorize the exclusion of additional time periods from the period within which trial must commence.

IT IS SO ORDERED.


 March 23, 2026
 DATE

MICHAEL W. FITZGERALD
United States District Judge


Presented by:

     /s/
 DANIEL H. WEINER
 Assistant United States Attorney

4