BILAL A. ESSAYLI
First Assistant United States Attorney
IAN V. YANNIELLO (Cal. Bar No. 265481)
Assistant United States Attorney
Chief, National Security Division
MICHAEL J. MORSE (Cal. Bar No. 291763)
DANIEL H. WEINER (Cal. Bar No. 329025)
Assistant United States Attorneys
1400/1500 United States Courthouse
312 North Spring Street
Los Angeles, California 90012
Telephone: (213) 894-3667/3535/0813
Facsimile: (213) 894-0142
E-mail: ian.yanniello@usdoj.gov
michael.morse@usdoj.gov
daniel.weiner@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>DURK BANKS, et al.,<br><br>Defendants. | No. CR 24-621(D)-MWF<br><br>MEMORANDUM OF LAW |

Plaintiff United States of America, by and through its counsel of record hereby files its memorandum of law regarding cross examination of law enforcement witnesses.

//

//

This memorandum is based on the attached memorandum, the facts and records in this case, and any further evidence and argument the Court may permit.

Dated: August 26, 2026

Respectfully submitted,

BILAL A. ESSAYLI
First Assistant United States Attorney

IAN V. YANNIELLO
Assistant United States Attorney
Chief, National Security Division

/s/
IAN V. YANNIELLO
MICHAEL J. MORSE
DANIEL H. WEINER

Assistant United States Attorneys

Attorneys for Plaintiff
UNITED STATES OF AMERICA

**MEMORANDUM OF POINTS AND AUTHORITIES**

Defendant Banks's reliance on United States v. Sager, 227 F.3d 1138 (9th Cir. 2000) for the proposition that he may cross examine a law enforcement witness with hearsay statements of cooperators is misplaced. Indeed, the facts, the holdings, and the reasoning of Sager all support this Court's previous order precluding such questioning.

The defendant in Sager was charged with mail theft. Id. at 1141. A postal inspector who had conducted the investigation of the charges testified in the grand jury and at trial, but his testimony was inconsistent. Id. at 1142. In the grand jury he testified that a store clerk had identified the defendant as the person who made a specific transaction that was tied to the alleged crime. Id. at 1142. But at trial, it came out that the clerk had merely told the inspector that the defendant "looked familiar." Id. at 1142-43.

During cross-examination, defense counsel sought to question the inspector about "various other aspects of his investigation," presumably to undermine his credibility. Id. at 1143. The district court cut counsel off, stating that "whether he conducted a good, imperfect, or otherwise investigation is not relevant" and advising the jury that it was "not here to grade his investigation." Id. On appeal, the defendant challenged both the exclusion of further questioning and the "grading the investigation" comment. Id. at 1145. The Ninth Circuit held that the jury should have been allowed to "grade" the investigation because the "[d]etails of the investigatory process potentially affected [the inspecting officer's] credibility, and perhaps more importantly, the weight to be given to evidence produced by his investigation." Id. at 1145.

As Sager makes clear, the defense in that case wanted to ask about *non-hearsay* steps in the investigation *after* the officer testified inconsistently about a witness interview. Here, defendant's seek blanket permission to ask a law enforcement witness out-of-scope questions regarding cooperator hearsay statements. As Sager also held, "[i]n circumstances different from these, a court may properly decide that such a line of investigation is to be limited for some independent evidentiary reason." That is precisely the case here, where there are a multitude of independent evidentiary reasons to preclude defendant from this line of questioning, including Rule 403, to prohibit a confusing out of scope cross examination, and one that will be cumulative to their anticipated extensive cross examination of the cooperators. Moreover, as the Court already ordered with Det. Carias, defendants can ask that a law enforcement witness be subject to recall if something in the trial indicates the witness testified inconsistently. The Court should deny defendant Banks' request.